UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIEL CARPENTER, | : | |
| and GRIST MILL CAPITAL, LLC, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | 3:13-cv-563(SRU) |
| | : | |
| COMMISSIONER, INTERNAL | : | |
| REVENUE SERVICES, | : | |
| JOHN KOSKINEN; | : | |
| SHAUN SCHRADER; | : | |
| VICTOR SONG; | : | |
| JANE AND JOHN DOES, 1 TO 72, | : | |
| Defendants. | : | MAY 30, 2014 |

## SECOND AMENDED COMPLAINT

1. This is an action alleging violation of the plaintiffs' federal constitutional rights, specifically their Fourth Amendment right to be free from unreasonable searches and seizures, Mr. Carpenter's Fifth Amendment right to remain silent, and Mr. Carpenter's Sixth Amendment right to counsel.

2. The jurisdiction of this Court is invoked under the provisions of Sections 1331 and 1343(3) of Title 28 and, 42 U.S.C. Section 1983, and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

3. The plaintiff, Daniel Carpenter, was at all times relevant to this action, and he remains, an adult resident of the State of Connecticut. One of his companies owns a property located at 100 Grist Mill Road, Simsbury, CT, and does business from offices located within that property. The plaintiff, Grist Mill Capital, LLC, is one of Mr. Carpenter's businesses located at 100 Grist Mill Road.

4. Defendant John Koskinen is at the present time the Commissioner of the Internal Revenue Service. He is sued in his official capacity only on a claim for injunctive relief in the form of an order directing him to return the unlawfully-seized property to the plaintiff.

1

5. Defendant Victor Song was, at all times relevant to this action, the Chief of the Criminal Investigation Unit (CIU) of the United States Internal Revenue Service. He is sued in his individual capacity only.

6. Defendant Shaun Schrader was at all times relevant to this action, and he remains, a special agent of the Criminal Investigation Unit of the United States Internal Revenue Service. He is sued in his individual capacity only.

7. Jane Does and John Does 1 through 72 are special agents of the Criminal Investigation Unit of the United States Internal Revenue Service. They are sued in their individual capacities only.

8. On April 20, 2010, Defendant Schrader and Jane Does and John Does 1 through 72 descended on property owned and managed by the plaintiffs, 100 Grist Mill Road. The defendants were wearing black Kevlar bullet-proof vests and were brandishing automatic weapons. Upon information and belief, their objective was to "shock and awe" the occupants of the building as they executed a search warrant authorizing them to seize items allegedly related to an investigation of whether certain business entities located at the building had conspired to Impede the Lawful Function of the IRS, in violation of Title 18 U.S.C. Section 371, and had Assisted in the Preparation of False Income Tax Returns, in violation of Title 26 U.S.C. Section 7206(2). At the time of the raid, the plaintiffs did not know what they were accused of because the search warrant affidavit was not attached to the search warrant as required by law, and the several pages of the warrant that the plaintiffs were allowed to see did not mention any crime at all, much less the specific offenses above. For those reasons, the search warrant was facially and fatally defective.

9. During the course of execution of the warrant, the aforementioned defendants remained on the property for over 18 hours, held numerous employees of the entities located at the property for custodial interrogations against their will, and otherwise ransacked the property, seizing approximately 322 bankers boxes of files belonging to the plaintiffs, and to entities with which they were associated. The seizures were overbroad and involved the confiscation of personal documents and personal tax returns beyond the permissible scope of the warrant, which was not particularized or limited in any way as required by law.

10. During the course of the execution of the warrant, Mr. Carpenter was placed in custody, threatened with handcuffs, and questioned, despite his invocation of the right to have counsel present. He was threatened with arrest when he insisted on speaking with counsel or even leaving the room to make a phone call.

11. In the nearly four years that have passed since the date of this unreasonable and unlawful search and seizure, only four of the bankers boxes have been returned to

the plaintiffs by the defendants, and the government has not returned to them any of the items it has seized. There have been no legal actions or indictments pursuant to this unlawful and unreasonable search and seizure.

12. Many of the documents seized by the aforementioned defendants pertain to attorney-client communications between Mr. Carpenter and his counsel in regards to the prosecution of Mr. Carpenter in an unrelated criminal case pending in the United States District Court in Massachusetts bearing docket number 1:04-cr-10029. Mr. Carpenter is, and was at the time of the search, represented by counsel in that criminal action.

13. The aforesaid criminal case has twice been tried to a verdict. In the first case, Mr. Carpenter was convicted and successfully sought a new trial in the District Court; that decision was upheld by the United States Court of Appeals for the First Circuit. In the second trial, Mr. Carpenter was again convicted, and again successfully sought a new trial; the case is now on appeal before the United States Court of Appeals for the First Circuit.

14. Related parties previously sought the return of the illegally seized property at issue in this action by way of a separate filing in the United States District Court for the District of Connecticut, bearing docket number 3:10-mc-00064(AVC). The government told the Court that they would return the property after it was copied. That has not happened.

15. Since the warrant at issue in this case was served in 2010, Mr. Carpenter has been indicted in yet another unrelated case in Connecticut, and his case is now pending in this District in a case bearing docket number 3:13-cr-00226(RNC). This indictment makes allegations involving an entity known as the Charter Oak Trust, and involves the Department of Labor rather than the IRS.

16. The search warrant affidavit tendered by defendant Schrader is materially defective in that he knowingly:

    a. misstated the nature and scope of the investigation by representing that: "Nova Benefit Plans, LLC, also known as Benistar", which is completely false, was engaged in the business of preparing tax returns or otherwise involved in providing false and misleading information to the Internal Revenue Service; misstated that representatives of NOVA provided false and misleading information to clients in an effort to impede or obstruct the efforts of the Internal Revenue Service to ascertain taxable income; misstated that representatives of NOVA made false representations to clients and third parties designed to impede the Internal Revenue Service;

    b. mischaracterized statements of NOVA officers and employees to

create the impression that there was reason to believe the employees were knowingly involved in unlawful conduct.

17. At the time defendant Schrader swore to the truth of aforesaid matters in the search warrant affidavit he either knew them not to be true, or acted in reckless disregard for the truth of the statements.

18. But for the materially false statements and the omissions of material facts in the aforesaid warrant, there would not have been probable cause to authorize a search warrant. As it stands, the search warrant is facially defective, and the affidavit provides no additional probable cause or the "exigent circumstances" that would require a "commando raid" on a peaceful business office in Simsbury, Connecticut.

19. The manner in which the warrant was executed was unreasonable in that officers remained on the premises of 100 Grist Mill Road for a period in excess of that authorized by the magistrate who signed the warrant, made an excessive and unreasonable show of force, detained the plaintiff and others for unreasonably long periods of time, seized documents beyond the scope of what was permitted by the warrant, and generally engaged in commando and SWAT-team tactics to engage in a search for documents based on an overbroad and non-particularized warrant that did not list any offense on the warrant itself, and without any affidavit attached that might explain what the search and seizure was all about.

20. Defendant Song was the officer responsible for assuring that all "special agents" in the IRS CIU are provided training on the scope of permissible searches and how search warrants are to be executed. He approved training programs that are mandatory in nature regarding the scope of searches and provided training material prepared by the IRS Office of Chief Counsel to members of the CIU. It was defendant Song's responsibility to see to it that all IRS agents executing search warrants were adequately trained on the limits the Fourth Amendment places on how they can conduct searches. The defendant failed to train the officers or was responsible for these unlawful intimidation tactics or was deliberately indifferent to whether the officers observed the constitutional limits on their search.

21. Defendant Schrader was the officer responsible for organizing and executing the search giving rise to this complaint. He had a duty to supervise the agents and operatives under his command to assure that they both understood and recognized the substantive limits imposed upon their conduct by the requirements of the Fourth Amendment. The defendant failed to supervise or even instruct the agents on what was required as appropriate conduct during the course of the execution of the raid, or was directly responsible for these unlawful intimidation tactics or was deliberately indifferent to whether the officers observed the constitutional limits on their search. This malicious and reckless conduct was despite an extensive Memorandum sent out to all CIU staff after the

Supreme Court's decision in *Groh v. Ramirez*, 124 S. Ct. 1284 (2004).

22. The Internal Revenue Service has a policy and practice of executing search warrants for documents in tax cases by means of armed raids. Heavily armed "special agents" conduct these raids, regardless of whether there is any articulable suspicion of a potentially violent response or other reason to believe that such displays of force are reasonable to effectuate the warrant. Defendant Song approved of and/or condoned this policy, despite an IRS Manual that requires investigations to be carried out with the least-intrusive means necessary.

23. Defendant Song failed, refused or neglected to train the defendant Schrader or defendants Jane Does and John Does 1 through 72 about the appropriate level of force to be used in executing a search warrant for tax documents, or that the "least intrusive means" of conducting an investigation should be used at all times in accordance with the IRS Manual.

24. Defendant Schrader failed, refused or neglected to train or supervise the defendant Jane Does and John Does 1 through 72 about the appropriate level of force to be used in executing a search warrant for simple benefit plan tax documents.

25. The policy of executing search warrants by means of "shock and awe" blitzes by armed special agents turning up en masse is an intentional policy of the Internal Revenue Service designed to terrorize people on the premises of the property to be searched and is per se unreasonable and against the IRS's own Manual.

26. The acts and omissions of defendant Schrader as described herein were intentional and were inspired by malice: to wit, actual hostility toward the plaintiffs and Mr. Carpenter particularly due to the fact that Mr. Carpenter is perceived to be "anti-government" and has engaged in long and contentious litigation with the government. The manner and means by which this search was conducted were specifically intended to harass, intimidate and humiliate Mr. Carpenter and all of his associates and friends at 100 Grist Mill Road.

27. The Internal Revenue Service is an administrative arm of the United States Government. The same Government also acts through the Department of Justice.

28. At the time Mr. Carpenter was seized and subjected to a custodial interrogation and his office ransacked, defendant Schrader consciously disregarded the substantial risk that he had authorized the custodial interrogation of a man represented by counsel and facing criminal prosecution by the Justice Department. The questioning of the plaintiff violated Mr. Carpenter's right to remain silent under the Fifth Amendment to the United States Constitution and Mr. Carpenter's right to have a lawyer present during custodial interrogation and Mr. Carpenter's right to counsel in violation of the Sixth Amendment to the United States Constitution.

29. Defendant Song failed, refused and/or neglected to provide adequate training to special agents about the right of suspects to remain silent and the right of people like Mr. Carpenter to counsel post-arrest.

30. Upon information and belief, the acts of the individually named defendants were inspired by actual malice, and were based upon their beliefs about Mr. Carpenter's business practices, the pendency of his criminal litigation, and Mr. Carpenter's success in obtaining new trial orders after both of his trials.

31. As a direct and proximate result of the acts and omissions complained of herein, Mr. Carpenter, Grist Mill Capital, and their associates have suffered terror, fear, anxiety, emotional distress, loss of business opportunity and consequential economic damages, together with the violation of the constitutional rights herein described.

32. Pursuant to Federal Rule of Criminal Procedure 41(g), the plaintiffs hereby move this Court to also enter a declaratory judgment that the raid of April 20, 2010 was, in fact, an unreasonable and unlawful search and seizure of property without a valid search warrant and to issue an order for the return of the property that has been unlawfully seized by the government in violation of the Fourth and Fifth Amendments to the Constitution of the United States. The unlawful and unreasonable search and seizure occurred more than four years ago. To this date, only four boxes out of 322 have been returned to their rightful owners.

33. To defeat the plaintiffs' right to the return of property, the government must show that a compelling interest exists to not return the property. To the best of plaintiffs' knowledge, there is no longer any active investigation going on, and the unlawfully-taken property is sitting in custodial storage at Halloran & Sage in Hartford.

Wherefore, the plaintiff seeks damages as follows:
1. Compensatory damages;
2. Punitive damages;
3. Injunctive relief in the form of an order requiring that the material seized be returned to its rightful owner(s);
4. Attorney's fees pursuant to 42 U.S.C. Section 1988;
5. Such other relief as this Court deems fair and equitable.

## TRIAL CLAIM

The plaintiffs claim trial by jury as to all factual issues in the instant action.

THE PLAINTIFFS,

BY   //s// Norman A. Pattis//s//
NORMAN A. PATTIS, ESQ.
Fed. Juris No. ct 13120
The Pattis Firm, LLC
649 Amity Road,
Bethany, CT 06524
Tel:  (203)393-3017
Fax:  (203)393-9745

## CERTIFICATE OF SERVICE

This is to certify that on the above-date, a copy of the foregoing was filed electronically. Notice of this filing will be sent, via e-mail, to all parties by operation of the Court's electronic filing system, and the undersigned did cause to be sent, via First Class U.S. mail, postage prepaid, a copy of the foregoing to all counsel and pro se parties that do not have access to the Court's electronic filing system and to whom the court directs the undersigned to send a hard copy via mail. Parties may access this filing through the Court's system.

BY: //s// Norman A. Pattis //s//
NORMAN A. PATTIS, ct 13120