**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DANIEL CARPENTER and GRIST MILL | : | Civil Action No. |
| CAPITAL, LLC, | : | 3:13-cv-00563-SRU |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| COMMISSIONER, INTERNAL | : | |
| REVENUE SERVICE, JOHN KOSKINEN, | : | |
| SHAUN SCHRADER, VICTOR SONG, | : | |
| and JANE AND JOHN DOES 1 TO 72, | : | |
| | : | |
| Defendants | : | September 22, 2017 |

**PLAINTIFFS' OPPOSITION TO**
**MOTION TO DISMISS THIRD AMENDED COMPLAINT**
**BY DEFENDANT SHAUN SCHRADER**

The plaintiffs Daniel Carpenter and Grist Mill Capital, LLC ("GMC") respectfully submit

this memorandum in opposition to the Motion to Dismiss Third Amended Complaint (ECF 127)

filed by the defendant Shaun Schrader.  This is Schrader's <u>fourth</u> motion to dismiss.  It is

completely duplicative of his "Renewed Motion to Dismiss," which was filed August 15, 2016

and was directed at the Second Amended Complaint.  (ECF 72.)  The Court already heard

argument on these issues and issued a written ruling on December 14, 2016, which is now the

law of the case.  (ECF 92.)  The pleading amendments in the Third Amended Complaint (ECF

114) do not constitute a material change that could justify the reconsideration that Schrader is

now seeking.  For this reason, the instant motion should be denied.

**A.  Procedural History**

On April 19, 2013, Plaintiffs filed a *Bivens* complaint against, *inter alia*, Defendant

Schrader claiming violation of their Fourth Amendment rights during the execution of a search

warrant by IRS-CI on April 20, 2010 at business offices located at 100 Grist Mill Road in

Simsbury, Connecticut.[1]  (ECF 1.)

On December 9, 2013, Schrader filed his <u>first</u> motion to dismiss alleging lack of personal

jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be

granted.  (ECF 19.)  On April 3, 2014, after hearing argument, the Court granted the motion

without prejudice and gave Plaintiffs leave to amend.  (ECF 32.)

On May 29, 2014, Plaintiffs filed an Amended Complaint, and filed a corrected Second

Amended Complaint ("SAC") the following day.  (ECF 33 and 34.)  On July 7, 2014, Schrader

filed his <u>second</u> motion to dismiss.  (ECF 41.)  On December 4, 2014, the Court heard argument

and took Schrader's qualified immunity arguments under advisement.  (ECF 51.)

On August 15, 2016, with the Court's leave, Schrader filed a "Renewed Motion to

Dismiss" directed at the SAC, which was his <u>third</u> motion to dismiss.  (ECF 72.)  The Renewed

Motion expressly stated:

> Defendant Shaun C. Schrader, sued in his personal capacity, moves this Court,
> pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all
> claims against him on the grounds of **qualified immunity** and because some of
> the claims are barred by the rule set forth in ***Heck v. Humphrey***, 512 U.S. 477
> (1994). Alternatively, because Schrader was not directly or **personally involved**
> in the actions that are alleged to have caused the constitutional deprivations
> asserted in the complaint, Schrader requests dismissal pursuant to Rule 12(d) of
> the Federal Rules of Civil Procedure.

(*Id.* at 1 (emphasis added).)

On October 5, 2016, the Court ruled that adversarial discovery would be needed on the

question of Schrader's **personal involvement**.  (ECF 82.)  On October 18, 2016, the Court heard

argument.  (ECF 84.)  On December 14, 2016, the Court ruled as follows, in relevant part.  First,

---

[1] The Complaint also sought return of Plaintiffs' seized property pursuant to Fed. R.
Crim. P. 41(g), which is not at issue in the pending motion to dismiss.

citing ***Heck v. Humphrey***, the Court dismissed the Fourth Amendment claims of an invalid

warrant without prejudice to renewal if the criminal conviction is invalidated.  (ECF 92 at 9.)

Second, the Court reiterated its prior ruling that "the complaint adequately alleges that Schrader

had sufficient **personal involvement** . . . ."  (*Id.* at 29 (emphasis added); *see also* ECF 82.)

Third, the Court ruled that the Complaint "adequately and plausibly alleged various Fourth

Amendment violations" such that adversarial discovery would be required to resolve the issue of

**qualified immunity**.  The Court, accordingly, denied the Renewed Motion "with respect to the

Fourth Amendment claims involving the unreasonableness of the search, the search exceeding

the warrant, and the prolonged detention and coercive interrogation" and opened discovery on

**qualified immunity**.  (*Id.* at 29-30.)

On June 2, 2017, with the Court's leave, Plaintiffs filed a Third Amended Complaint

("TAC") substituting Special Agent Kathy Enstrom in place of a Doe defendant.  (ECF 114.)

The TAC made no material changes to the claims against Defendant Schrader, on which the

Court had already ruled as described above.  As previously noted in Plaintiff's motion for leave

to amend (ECF 113), the TAC made only <u>nonmaterial</u> updates as to Schrader, including

clarification of the Plaintiffs' relationship to each other (TAC ¶ 4), identification of Schrader's

title as "Case Agent" for the IRS-CI investigation (TAC ¶ 6), revision of the number of agents

involved in the raid (TAC ¶ 8), addition of a note that the IRS-CID investigation close in 2016

(TAC ¶ 11), removal of a reference to the Sixth Amendment to the U.S. Constitution (TAC ¶ 23)

and an update regarding the location of documents for 41(g) purposes (TAC ¶ 27).

On September 1, 2017, Schrader filed the pending "Motion to Dismiss Third Amended

Complaint" (ECF 127), which is his fourth motion to dismiss.  The motion states:

> Defendant Shaun Schrader, sued in his personal capacity, moves this Court,
> pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all

claims against him because some of the claims are barred by the rule set forth in ***Heck v. Humphrey***, 512 U.S. 477 (1994), because Schrader was not directly or **personally involved** in the actions that are alleged to have caused the constitutional deprivations asserted in the complaint, and because Plaintiffs' claims do not overcome his **qualified immunity** defense.

(*Id.* at 1 (emphasis added).)  The motion does not offer any justification for relitigation of these issues.  In fact, the new brief "refers the Court to his earlier motion to dismiss . . . for a more thorough discussion of his Rule 12(b)(6) argument."  (ECF 127-1 at 16-17.)

## B.  Law

### 1.  Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

### 2.  Law of the Case Doctrine

Under the "law of the case" doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *Arizona v. California*, 460 U.S. 605, 618 (1983); *see also United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009).  A court should be "loathe to revisit an earlier decision in the absence of extraordinary circumstances."  N. *River Ins. Co. v. Phila. Reinsurance Corp.*, 63 F.3d 160, 165 (2d Cir. 1995) (internal quotation marks omitted).  Reconsideration requires "compelling circumstances, consisting principally of (1) an intervening change in controlling law, (2) new evidence, or (3) the need to correct a clear error of law or to prevent manifest injustice."  *Carr*, 557 F.3d at 102.  Thus, "it is improper to make successive motions to dismiss the same claim

4

because denial of the first motion establishes the law of the case with respect to the

maintainability of that claim." *See Bucher v. Shumway*, No. 76 CIV. 2420, 1979 WL 1254, at *2

n.3 (S.D.N.Y. Oct. 11, 1979), *aff'd without opinion*, 622 F.2d 572 (2d Cir. 1980).

### C. Argument

#### 1. There is no ground for reconsideration, and the law of the case controls

What Schrader seeks here is another bite at a well-chewed apple. Schrader's pending

fourth motion to dismiss contains the same arguments – *Heck v. Humphrey*, personal

involvement and qualified immunity – that were raised in his third motion to dismiss in August

2016. (ECF 72.) The Court has already taken briefing, heard argument and ruled on these

issues, as set forth above. (*See* Order, ECF 92.) Since then, although Plaintiffs have amended

the Complaint to add Agent Enstrom, the allegations against Defendant Schrader have not

changed in any material way. (*Compare* SAC, ECF 34 *with* TAC, ECF 114.) Consequently, the

Court's prior rulings on these issues are the law of the case, and the pending Motion to Dismiss

should be denied on that basis.

Schrader's motion is odd insofar as it is seeking to revisit the <u>denial</u> of a prior motion to

dismiss. Nearly all the decisional precedents address a circumstance in which the court <u>grants</u> a

motion to dismiss and the plaintiff repleads – in that situation, the question is whether the

amended allegations are materially different such that the prior dismissal does not apply. *See*,

*e.g.*, *Guttilla v. City of New York*, No. 14-CV-156 (JPO), 2016 WL 1255737, at *3 (S.D.N.Y.

Mar. 29, 2016) ("After a thorough review of [plaintiff's] submissions, the Court concludes that

the Amended Complaint adds few new non-conclusory allegations, and those additional

allegations do not affect the Court's prior analysis."); *Weslowski v. Zugibe*, 96 F. Supp. 3d 308,

316 (S.D.N.Y.) ("Because the Amended Complaint, as outlined above, is in large part identical

to Plaintiffs' first Complaint, the law of the case doctrine counsels against reconsideration of the Court's . . . dismissal of the first Complaint.").  Here, Plaintiffs concede that one of their claims – namely, that the search warrant was invalid – was dismissed without prejudice, and remains so, unless and until the criminal proceedings pending before Judge Chatigny are resolved in Carpenter's favor.  (*See* ECF 92 at 9.)  That claim has been included in the TAC only to preserve the status quo and prevent any future argument that it has been abandoned.

However, Schrader's other arguments as to "personal involvement" and "qualified immunity" present the opposite circumstance, in which the Court has already <u>denied</u> a motion to dismiss and permitted the claims to proceed – in this situation, the question is whether the TAC has omitted the allegations that Court has already deemed adequate to survive a 12(b)(6) motion. The answer, obviously, is no.

Consequently, there is no ground for reconsideration of the Court's prior ruling on these issues.[2]  Although Schrader has tried to improve his arguments on this latest attempt – e.g., discussing "deliberate indifference" in connection with his personal involvement argument, which he completely omitted from his brief on his prior motion to dismiss (*compare* ECF 74 *with* ECF 127-1) – that is not grounds for reconsideration.  Instead, it is an effort to relitigate an issue already decided (*see* ECF 92 at 9 n.6) in hopes of a different outcome, which is improper.  *See Bucher v. Shumway*, No. 76 CIV. 2420, 1979 WL 1254, at *2 n.3 (S.D.N.Y. Oct. 11, 1979) ("it is improper to make successive motions to dismiss the same claim because denial of the first motion establishes the law of the case with respect to the maintainability of that claim"), *aff'd without opinion*, 622 F.2d 572 (2d Cir. 1980).

_____

[2] In the event that the Court is inclined to reconsider its decision, Plaintiffs respectfully relies on its prior briefing on the *Heck v. Humphrey*, personal involvement and qualified immunity issues.  (*See* ECF 79.)

## 2. The law of the case applies equally to GMC

Although the Court's decision denying Schrader's motion to dismiss (ECF 92) did not

expressly apply to Plaintiff GMC, whose claims were dismissed without prejudice on January 9,

2017 due a procedural lapse (*see* ECF 96), GMC has since been restored to full status as a

plaintiff.  (*See* ECF 113 and 114.)  GMC's pending claims and allegations are the same as

Carpenter's, and Schrader's Motion to Dismiss does not argue otherwise.  In fact, although

Schrader took the erstwhile position that GMC was not entitled to participate during discovery,

he has now filed a motion seeking summary judgment against GMC on qualified immunity

grounds, which further indicates that there is no dispute that the Court's decision to permit

Carpenter's claims to proceed applies to GMC as well.  As a result, the Court's ruling denying

dismissal as to Carpenter is the law of the case with respect to the claims of both Plaintiffs, and

there is no basis to reconsider that ruling.

## 3. Qualified immunity is not automatic

Finally, to the extent that Schrader is suggesting that the government is entitled to a

presumption of correctness as long as a magistrate judge signed the search warrant, that is not the

standard.  As the Supreme Court has noted, the Constitution protects property owners not only

by requiring *ex ante* magistrate review but "by providing, *ex post*, a right to suppress evidence

improperly obtained **and a cause of action for damages**."  *United States v. Grubbs*, 547 U.S.

90, 99 (2006) (emphasis added); *see also Groh v. Ramirez*, 540 U.S. 551, 555 (2004) (finding no

qualified immunity in *Bivens* case for failure to conform warrant to constitutional requirements).

What occurred in the IRS-CI investigation and search of 100 Grist Mill Road on April 20, 2010

was plainly improper, and remarkably similar to the Fourth Amendment violations recently

denounced in *United States v. Wey*, No. 15-CR-611 (AJN), 2017 WL 2574026 (S.D.N.Y. June

13, 2017) (warrants to search defendant's business and apartment failed to identify suspected

crimes; no indication that agents were properly prepared to adhere to scope of warrant; defendant

failed to supervise search and ensure adherence to warrant scope; agents seized items not

responsive to warrant; government retained nonresponsive information after identifying it;

conscious effort was made to deem patently unresponsive materials responsive to warrant;

government made subsequent searches of information deemed nonresponsive).

**D.  Conclusion**

For the foregoing reasons, Plaintiffs respectfully submit that Defendant Schrader's

"Motion to Dismiss Third Amended Complaint" (ECF 127) should be denied according to the

law of the case, and that the case should proceed to the next phase.

Respectfully submitted,


| THE PLAINTIFF, | THE PLAINTIFF, |
| DANIEL CARPENTER | GRIST MILL CAPITAL, LLC |

By:  /s/ Jeffrey P. Nichols                     By:  Jonathan J. Einhorn
David A. Slossberg (ct13116)              JONATHAN J. EINHORN, ESQ.
Jeffrey P. Nichols (ct29547)              129 Whitney Avenue
HURWITZ SAGARIN SLOSSBERG &       New Haven, Connecticut 06510
KNUFF, LLC                                     Federal Bar No. ct00163
147 North Broad Street                      203-777-3777
Milford, CT  06460-0112                     einhornlawoffice@gmail.com
Telephone: (203) 877-8000
Fax: (203) 878-9800
JNichols@hssklaw.com
DSlossberg@hssklaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on September 22, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing.  Parties may access this filing through the Court's electronic system.

<u>/s/ Jeffrey P. Nichols</u>
Jeffrey P. Nichols
