UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIEL CARPENTER and<br>GRIST MILL CAPITAL, LLC, | : | CASE NO. 3:13-cv-563 (SRU) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| COMMISSIONER, INTERNAL REVENUE<br>SERVICE, JOHN KOSKINEN, SHAUN<br>SCHRADER, VICTOR SONG, and JANE<br>AND JOHN DOES 1 TO 72, | : | April 5, 2018 |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' MOTION FOR CLARIFICATION AND
FOR ENTRY OF JUDGMENT UNDER RULE 54(b)**

**A. Motion for Clarification**

Plaintiffs Daniel Carpenter and Grist Mill Capital, LLC respectfully request clarification of the following decisions in order to ensure that they have properly preserved all issues.

First, Plaintiffs request clarification of the Court's denial without prejudice of claims asserting that the search warrant was invalid. On December 4, 2016, citing *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court ruled: "[T]he Fourth Amendment claims based on claims of an invalid warrant are precluded by Judge Chatigny's rulings in the [criminal] case. Accordingly, Schrader's motion to dismiss those claims is granted without prejudice to renewal if the conviction is invalidated." (ECF 92 at 9.) Plaintiffs understand this ruling to apply to the claims in paragraphs 15-18 of the Third Amended Complaint (ECF 114) asserting that Defendant Shaun Schrader knowingly or recklessly made misstatements and omissions in the search warrant affidavit, that probable cause was therefore lacking, and that the search warrant was unconstitutionally overbroad and lacking in particularity. Plaintiffs specifically request

clarification as to whether the Court is retaining jurisdiction over the invalid-warrant claims, in which case there would be appear to be no final decision on those claims,[1] or whether the provision "without prejudice to renewal" is premised on the principle that a *Heck*-barred claim does not accrue prior to the termination of criminal proceedings in the plaintiff's favor.[2]

Second, Plaintiffs request clarification as to the finding in the summary judgment decision stating that "IRS-CI agents are permitted by IRS policy to carry firearms." The decision cites the Internal Revenue Manual as the basis for the finding but does not address Plaintiffs' argument that 26 U.S.C. § 7608(a) prohibits the IRS Criminal Investigation division from carrying out armed raids. (See Pl. Opp. to MSJ, ECF 133 at 14 and n.4.) It is unclear in the summary judgment decision whether the Court was relying on its prior analysis of the issue at the motion to dismiss stage. (*See* ECF 92 at 17-18.) Plaintiffs request clarification as to the Court's determination, for purposes of the summary judgment decision, of whether it was

---

[1] *See Nichols v. Prudential Ins. Co. of Am.*, 406 F.3d 98, 104 (2d Cir. 2005): "It is well established that a dismissal without prejudice, absent some retention of jurisdiction such as an invitation to amend the complaint, terminates the action and is a final decision from which an appeal lies."

[2] *See*, *e.g.*, *Woods v. Candela*, 47 F.3d 545, 546 (2d Cir. 1995), in which the Second Circuit held that a § 1983 claim that would have undermined the validity of a conviction did not accrue until "the Appellate Division reversed Woods's conviction and dismissed the indictment after ruling that his suppression motion should have been granted, due to defendant Candela's lack of a reasonable suspicion on which to detain and question Woods and thereafter search his vehicle." *See also Heck v. Humphrey*, 512 U.S. 477, 489 (1994) ("Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen."); *Covington v. City of New York*, 171 F.3d 117, 119 (2d Cir. 1999) ("If a favorable determination on the false arrest claim would in fact have undermined the validity of any potential conviction against Covington resulting from the state criminal proceedings, then Covington's false arrest claim would not accrue until those criminal proceedings terminated . . . .").

2

unconstitutional for the Search Warrant Plan to instruct IRS-CI agents to carry firearms,[3] and whether this violated clearly established law.

### B. Motion for Entry of Partial Judgment

Pursuant to Fed. R. Civ. P. 54(b), Plaintiffs hereby move the Court for entry of final judgment as to all *Bivens* claims against Defendants Kathy Enstrom and Shaun Schrader.

#### 1. Disposition of the Claims

    a.    The *Bivens* claims against Steven Miller and Douglas Shulman were dismissed without prejudice (ECF 32, 35) and then abandoned by omission from the Second Amended Complaint (ECF 34).  The *Bivens* claims against Victor Song were dismissed without prejudice (ECF 51, 58) and then abandoned by omission the Third Amended Complaint ("TAC") (ECF 114).  The *Bivens* claims against the Doe defendants were abandoned by omission from the TAC (ECF 114).

    d.    The *Bivens* claims against Kathy Enstrom concerning the planning and execution of the search and failure to supply required portions of the search warrant to the occupants were dismissed with prejudice.  (ECF 139).

    e.    The *Bivens* claims against Shaun Schrader asserting the invalidity of the search warrant were dismissed "without prejudice to renewal if the conviction is invalidated." (ECF 92 at 9.)  Plaintiffs understand this ruling to apply to the claims in paragraphs 15-18 of the Third Amended Complaint (ECF 114) asserting that Defendant Shaun Schrader knowingly or recklessly made misstatements and omissions in the search warrant affidavit, that probable cause was therefore lacking, and that the search warrant was unconstitutionally overbroad and lacking in particularity.

---

[3] *See*, *e.g.*, ECF 133-10 at 9 ("Equipment Needed . . . Firearm with additional magazines").

    f. The Court granted summary judgment in favor of Shaun Schrader (ECF 144) on the balance of the *Bivens* claims against him concerning the reasonableness of the planning and execution of the search and seizures as well as the claim in paragraph 8 of the TAC (ECF 114) concerning failure to supply required portions of the search warrant to the occupants.

    g. The request for relief pursuant to Fed. R. Crim. P. 41(g) is on remand from the Second Circuit and is the subject of the pending Motion to Lift Stay and Enforce Rule 41(g) Order (ECF 142).  As stated in the Summary Order, the Second Circuit has retained jurisdiction and will review this Court's disposition of the 41(g) matter on an expedited basis.  (ECF 121.)

  **2.** **<u>The claims are separable, and there is no just reason for delay</u>**

  Entry of a partial final judgment under Rule 54(b) requires (1) multiple claims or multiple parties; (2) a final decision within the meaning of 28 U.S.C. § 1291 on at least one claim or the rights and liabilities of at least one party; and (3) "an express determination" by the district court that there is "no just reason for delay" and an express direction to the clerk to enter judgment. *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir.1992), cited in *Clearwater Sys. Corp. v. Evapco, Inc.*, No. 3:05cv507(SRU), 2009 WL 320326, at *1 (D. Conn. Feb. 9, 2009).  Here, there are multiple claims against multiple parties, as set forth above.  The Court has issued final decisions on the *Bivens* claims by dismissing the claims against Kathy Enstrom, dismissing the invalid-warrant claims against Shaun Schrader without prejudice,[4] and granting

---

[4] Alternatively, if the Court is retaining jurisdiction over the invalid-warrant claims, as discussed above in the motion for clarification, then the dismissal "without prejudice" of those claims might not be final.  *See Nichols v. Prudential Ins. Co. of Am.*, 406 F.3d 98, 104 (2d Cir. 2005) ("It is well established that a dismissal without prejudice, absent some retention of jurisdiction such as an invitation to amend the complaint, terminates the action and is a final decision from which an appeal lies.").  But even if the Court concludes that the invalid-warrant claims are not finally decided, partial judgment should enter as to the balance of the *Bivens* claims, which turn on separable issues (reasonableness of the search and seizures, as opposed to

summary judgment as to the balance of the claims against Schrader.  There is no just reason to delay an appeal on these claims.  In making a finding as to whether further delay is warranted, courts must determine whether the claims are effectively separable, in order to "avoid the possibility that the ultimate dispositions of the claims remaining in the district court could either moot [a] decision on the appealed claim or require [the court of appeals] to decide issues twice." *Ginett* at 1095 (2d Cir. 1992).  These claims are clearly separable from the 41(g) matter, not only in substance but also insofar as the 41(g) matter has already been appealed and will be reviewed on a separate, expedited basis once it is resolved by this Court.  (*See* ECF 121.)  This action has been pending for five years, and there is no reason to prolong it.

  WHEREFORE, Plaintiffs respectfully request clarification of the Court's summary judgment decision and entry of a partial final judgment pursuant to Rule 54(b).

            THE PLAINTIFF,
            DANIEL CARPENTER

          By: */s/ Jeffrey P. Nichols*
            David A. Slossberg (ct13116)
            Jeffrey P. Nichols (ct29547)
            HURWITZ SAGARIN SLOSSBERG & KNUFF, LLC
            147 North Broad Street
            Milford, CT  06460
            Phone: (203) 877-8000
            Fax: (203) 878-9800
            JNichols@hssklaw.com
            DSlossberg@hssklaw.com

            THE PLAINTIFF,
            GRIST MILL CAPITAL, LLC

          By: */s/ Jonathan J. Einhorn*
            JONATHAN J. EINHORN, ESQ.
            129 Whitney Avenue

---

the validity of the warrant), and which should not be put in limbo while Mr. Carpenter seeks to overturn the criminal conviction.

                                        New Haven, Connecticut 06510  
                                        Federal Bar No. ct00163  
                                        203-777-3777  
                                        einhornlawoffice@gmail.com

## **CERTIFICATE OF SERVICE**

This is to certify that on April 5, 2018 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

*/s/ Jeffrey P. Nichols*
Jeffrey P. Nichols