UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL CARPENTER and<br>GRIST MILL CAPITAL, LLC,<br><br>   Plaintiffs,<br><br>vs.<br><br>COMMISSIONER, INTERNAL REVENUE<br>SERVICE, JOHN KOSKINEN, SHAUN<br>SCHRADER, VICTOR SONG, and JANE<br>AND JOHN DOES 1 TO 72,<br><br>   Defendants. | CASE NO. 3:13-cv-563 (SRU)<br><br><br><br><br><br>April 19, 2018 |

**PLAINTIFFS' REPLY MEMORANDUM
IN SUPPORT OF MOTION
TO LIFT STAY AND ENFORCE RULE 41(g) ORDER**

Plaintiffs Daniel Carpenter and Grist Mill Capital, LLC ("Plaintiffs") submit this reply brief in further support of their Motion to Lift Stay and Enforce Rule 41(g) Order (ECF 142).

1. **Plaintiffs' repeated requests for relief underscore the Government's failure to comply with its obligations.** The Government characterizes Plaintiffs' repeated efforts to obtain the return of seized property as a "fifth bite at the apple." (ECF 145 at 13.) The metaphor does not apply because Plaintiffs are not seeking reversal of a court order – they are seeking its enforcement. And Plaintiffs' diligence in pursuing the return of documents is not a demerit. It militates in their favor. *See Unites States v. Ganias*, 824 F.3d 199, 203 n.7 and 211 (2d Cir. 2016) (en banc) (observing that allegedly unauthorized searches of seized electronic evidence might have been avoided if Ganias had sought proactive Rule 41(g) relief). Notably, it has been eight years, almost to the day, since the documents and data were seized on April 20, 2010, and more than two years since the IRS-CI investigation closed in January 2016. It is the

Government's failure to return property (including copies) not plausibly relevant to the DOL criminal proceedings that has occasioned the instant motion.

2.      **The requested relief is separate from the criminal proceedings, and the Government has already segregated documents relevant to the criminal proceedings.**  As stipulated before the Second Circuit, Plaintiffs are not, in this action, seeking the return of originals or copies that are substantively relevant to the DOL criminal proceedings.  Nor are Plaintiffs seeking greater relief than the Court provided in its prior, stayed 41(g) Order (ECF 55). Instead, Plaintiffs are simply asking this Court to enforce the carve-out that was contemplated in its prior order (ECF 55) based, at a minimum, on the segregation of documents responsive to the DOL criminal proceedings that the Government itself undertook.[1]  As stated at oral argument before the Second Circuit:

> JUDGE CALABRESI:  Let me ask you what I asked the Government. What is it you are trying to get back?
>
> MR. NICHOLS:  Mr. Carpenter is trying to get the return of all documents that aren't plausibly related to the Department of Labor prosecution pending in the District of Connecticut right now. And that includes copies.

(Audio Recording at 12:39 - 13:24.)  It bears repeating that the DOL is holding 20 full boxes and 6 partial boxes for the criminal proceedings.  Meanwhile, the IRS has failed to return or destroy the balance of seized property and copies, despite the fact that it is not responsive to the criminal

---

[1] Over the past four years, the Government has made various representations about the number of boxes being held for the criminal proceedings – it represented to this Court in July 2014 that there were 2 boxes (*see* ECF 55 at 5), then it represented to the Second Circuit in July 2017 that there were 12 additional boxes. (*See* Audio Recording at 2:22-2:33 (agreeing with Judge Chin that the Government is holding "two boxes of originals and twelve boxes of copies" for the criminal case).)  Currently, in 2018, the Government is stipulating that the DOL is holding 20 full boxes and 6 partial boxes. (*See* Table, 142 at 3.)  Regardless of the tally, the Government clearly has segregated the evidence that it deems substantively relevant to the criminal proceedings.

proceedings, and despite the fact that the other (IRS-CI) investigation closed in January 2016. This seized property includes a hard drive with electronic copies that were scanned for purposes of the closed IRS-CI investigation, as well as 13 mirror images of computers, drives and servers.[2] (*See* Table, ECF 142 at 3). As the Government admitted to the Second Circuit, these scans and mirror images being held by the IRS in Wisconsin have no substantive relevance to the criminal proceedings:

> JUDGE CHIN: Just one final question. You had said that the Government's only objection is to returning the documents that are relevant to the criminal case. Are there other documents among the 2 boxes of originals, the 12 boxes of copies, the scans, that don't fall into that category, that is, relevant to the criminal case?
>
> MR. DETERMAN:[3]  I believe there are still some copies in Wisconsin that are not relevant to the Connecticut criminal case, because we had all the copies of all the documents that were subject to this privilege claim that were going through and those were never divided into —
>
> JUDGE CHIN: Is there any problem with returning those that are not relevant to the criminal case in Connecticut? That would also, in a practical way, narrow the dispute.
>
> MR. DETERMAN: I believe that the Connecticut US Attorney's office believes that there could be some custody issues and also, sort of, chain of custody issues in returning those because they got their copies from those copies, and so they were concerned of chain of custody issues in returning those. Again, the Plaintiffs have the originals of all those documents. But that would be our position on those, that there could be chain of custody issues.

---

[2] The Seizure Inventory lists 13 computers, drives and servers that were "imaged" and cataloged as "Evidence Box 9999." (ECF 133-13.) The IRS has also lost track of a box of computer software. (*See* Table, ECF 142 at 3.)

[3] The Government was represented at oral argument by Attorney Mark Determan of the Department of Justice.

(Audio Recording at 8:31-9:53.)[4]  Furthermore, according to the exhibit list, the Government assembled 2,306 exhibits for use at the March 2016 criminal trial.  (*See* Exhibit List, No. 13-cr-226 at ECF 207.)  Judge Chatigny's Verdicts and Special Findings, issued on June 6, 2016, refers to just a small subset of those exhibits.  (*Id.* at ECF 212.)  It would not be amiss, at this juncture, for the Government to be required to make some showing of whether, and on what basis, the other documents in the 26 segregated boxes in DOL custody are responsive to the criminal proceedings.  At a minimum, however, the Government has already conceded that the scanned copies and computer/server mirrors in IRS custody are not responsive to the criminal proceedings.

3. **The Government has no right to retain non-responsive copies, and the Court may order their return or destruction.**  The crux of the Government's position is that Rule 41(g) does not empower the Court to order the destruction of copies,[5] and that the Government may retain copies of non-responsive documents and data in perpetuity.  That is a troubling assertion and, thankfully, it is not the law.  Indeed, as the Government conceded at oral argument before the Second Circuit:

> MR. DETERMAN:   We're not denying that, after the criminal case is done, that Plaintiffs have a right to sole possession of their records.
>
> JUDGE CALABRESI:  Of everything including the copies?
>
> MR. DETERMAN:  Yes, Your Honor.

---

[4] The audio recording of the June 15, 2017 oral argument is available at http://www.ca2.uscourts.gov/decisions/isysquery/8099ebf4-4b51-4d9e-8835-b35ca4834927/386/doc/16-1036.mp3.  Plaintiffs have transcribed portions of it herein to rebut and clarify the Government's characterizations of the argument.

[5] The Government argues that there is no "live controversy" and that the Court lacks jurisdiction because the IRS is no longer holding any originals.  (ECF 145 at 19.)

4

>JUDGE CALABRESI:  Well, let's be clear on it.  Everything can go back, including the copies, once the criminal case is over?
>
>MR. DETERMAN:  Is final, yes.
>
>JUDGE CALABRESI:  And the Government's position is:  until that is done, things which are relevant to it, including those things which you have not had a chance to go through, have to be kept?
>
>MR. DETERMAN:  Yes, that is our position.
>
>JUDGE CALABRESI:  And that is the position, and no more than that?
>
>MR. DETERMAN:  Yes, Your Honor.

(Audio Recording at 22:12 - 22:53.)

This principle of law is confirmed in the precedents cited in Plaintiffs' brief, which hold or observe that the Government may not retain copies and that Rule 41(g) contemplates the return or destruction of copies.  (*See* Pl. Br., ECF 142 at 10-13.)  Additional decisional support may be found at *United States v. Burum*, 639 F. App'x 503, 504 (9th Cir. 2016) (remanding for the district court to determine, *inter alia*, "which documents the government is required to return or destroy"); *United States v. Matter of Search of Info. Associated with Fifteen Email Addresses Stored at Premises Owned, Maintained, Controlled or Operated by 1&1 Media, Inc.*, No. 2:17-CM-3152-WKW, 2017 WL 8751915 (M.D. Ala. Dec. 1, 2017) (rejecting Government's argument that it had made so many copies that "it would be impractical to require the destruction of non-pertinent data at the conclusion of the investigation"); *United States v. Cvijanovich*, No. 3:06-CR-44, 2008 WL 11406168, at *1 (D.N.D. Sept. 22, 2008) (return or destruction of the copies is warranted once the case is fully and completely resolved).  Although the Government attempts to distinguish the cited precedents on their facts, any factual distinctions do not negate the fundamental legal principles that (*i*) Rule 41(g) encompasses copies as well as originals, and (*ii*) the Government must return or destroy originals <u>and</u> copies when an investigation ends.

The absurdity of the Government's argument that it may retain copies in perpetuity is illustrated by the fact that it is holding mirror images of computers and servers. As Judge Thompson explained in his original *Ganias* decision, "A 'mirror image' of a computer is an exact copy of the data contained in a particular digital storage unit, such as a computer hard drive. Computer code is a series of zeroes and ones, each of which is called a bit; making a mirror image is copying each zero or one in sequence, bit by bit." *United States v. Ganias*, No. 3:08CR00224 AWT, 2011 WL 2532396, at *2 (D. Conn. June 24, 2011). Essentially, a mirror image is the computer or server frozen in a moment of time. The Government's attempt to characterize the mirror images, for convenience of its argument, as "copies" rather than "originals" illustrates the fallacy of that argument. As the *en banc* decision in *Ganias* clarifies, while the practical realities of electronic storage might justify an initial "overseizure" of non-responsive data that is mingled with responsive data, such as "might justify an off-site review lasting for a significant period of time,"

> once the Government is able to extract the responsive documents, its right to the overseizure of evidence comes to an end. . . . At that point, the Government's overseizure of files and continued retention of non-responsive documents becomes the equivalent of an unlawful general warrant.

*United States v. Ganias*, 824 F.3d 199, 232 (2d Cir. 2016).

4. **The requested relief is not inconsistent with Judge Chatigny's denial of the motion to suppress.** Although Judge Chatigny declined to order the return of documents when he denied Mr. Carpenter's motion to suppress in 2015, that ruling does not have preclusive effect because it was expressly limited to a period in time in which the Government was still reviewing documents. Specifically, Judge Chatigny ruled: "The Government has a legitimate interest in retaining the documents for review and possible use as evidence at a trial. . . . [T]he Government's retention of the documents **pending further proceedings in this case** is

6

reasonable." *United States v. Carpenter*, No. 3:13-CR-226(RNC), 2015 WL 9461496, at *7 (D. Conn. Dec. 24, 2015) (emphasis added). The Government has since completed its review and segregated the documents or data it believes to be substantively relevant to the DOL criminal trial that occurred in March 2016, for which the Government submitted a list of 2,306 exhibits. (*See* Exhibit List, No. 13-cr-226 at ECF 207.) Meanwhile, the IRS-CI investigation ended in January 2016. In light of these developments, the carve-out relief contemplated in this Court's 41(g) order of June 2015 (ECF 55) is proper and warranted, and the stay of that Order should be lifted.

**5.     The burden of justifying retention shifted to the Government, at the latest, upon closure of the IRS-CI investigation in January 2016.** In arguing that it does not bear the burden of justifying its ongoing retention of documents, the Government cites the DOL criminal proceedings. However, as the Government goes on to concede, the hard drive of scanned documents "were relevant to the IRS investigation." (ECF 145 at 21.) That investigation has closed, so the burden of demonstrating an ongoing basis for retention is on the Government. The same applies to the 13 mirror images also being held by the IRS in Wisconsin. The Government argues that the mirrors are necessary for chain of custody purposes in the event of a new trial in the DOL criminal proceedings; however, this is much too attenuated to justify the retention of terabytes of electronic data. The Government should have segregated, and apparently did segregate, what it believed was relevant to the criminal prosecution. At that point, any "continued retention of non-responsive documents becomes the equivalent of an unlawful general warrant." *United States v. Ganias*, 824 F.3d 199, 232 (2d Cir. 2016).

**6.     The chain of custody argument is not compelling.**  Contrary to the Government's suggestion, the Second Circuit was, indeed, unimpressed with the chain of custody argument, and encouraged the parties to resolve that by stipulation, as follows:

> MR. EINHORN:  The only other thing I just wanted to note is the fly in the ointment, Your Honors, with the settlement that we – or resolution we've been discussing, which is that the return of the copies of the 310 [boxes of] documents. And I think it's the return of those copies, not just the fact that the originals have been returned.  And so the Government seems to have some concern over doing that.
>
> JUDGE CHIN:  Well, I think the concern is over the chain of custody. But, again, I would think the parties could work that out, and enter into some kind of stipulation that would preserve the chain of custody.

(Audio Recording at 20:14-20:52.)  The Summary Order recapitulated this discussion as follows:

> At oral argument, the parties' disagreement regarding return of the documents appeared to have narrowed.  The Government noted that, subject to chain of custody concerns, it objects only to returning documents relevant to the criminal proceedings.  Plaintiffs' counsel acknowledged that they do not object to the retention of these documents as long as the criminal proceedings are pending, and that plaintiffs currently seek only the return of documents not relevant to the criminal proceedings.  As for chain of custody concerns, the parties suggested at oral argument that they may be able to reach an agreement to preserve the chain of custody.

(ECF 121.)  However, thereafter, the Government has flatly refused to engage in a discussion regarding a practical resolution of its alleged chain of custody concerns.

**7.     Plaintiffs' request for the destruction of copies is not inconsistent with the temporary arrangement that was entered in 2010.**  Shortly after the April 20, 2010 raid, several movants, including Grist Mill Capital, LLC, sought the return of seized documents in a miscellaneous matter assigned to Judge Covello.  *See Pettibone Tavern, LLC v. IRS*, No. 3:10-mc-64-AVC.  The parties resolved that matter by a compromise arrangement that involved placing the originals in interim custody at Halloran & Sage so that the movants could access them for business purposes and the Government could access them for investigation purposes.

8

Now that the IRS-CI investigation is over, that arrangement has expired, as the Government itself confirmed the expiration of the arrangement by advising Halloran & Sage that the originals should be released back to the movants. Thus, the 2010 arrangement is not a bar to the pending request for return or destruction of copies.

**8.    Finally, the *Bivens* claims concerning overseizures caused by inadequate training and supervision do not justify ongoing retention of copies.**  The Government is now asserting a novel theory (*see* ECF 145 at 21) that the civil *Bivens* claims in this litigation somehow nullify the Government's well-settled obligation to return seized property once an investigation closes. *See United States v. David*, 131 F.3d 55, 59 (2d Cir. 1997) ("It is well settled that upon the termination of criminal proceedings, seized property, other than contraband, should be returned to the rightful owner."). At its core, this is an argument that the Government may use its criminal investigative powers to conduct civil discovery. The Government cites no authority to support this theory. Furthermore, the *Bivens* claims have been resolved in the Defendants' favor. Even assuming that the Plaintiffs decide to appeal, and assuming that appeal is successful, and then assuming that the scans and mirror images that the Government failed to relinquish upon termination of the IRS-CI investigation in January 2016 are somehow relevant to the *Bivens* claims, the *Bivens* defendant(s) can propound appropriate requests for production under civil Rule 34.

For these reasons, and those stated in the moving papers, Plaintiffs respectfully request that the stay (ECF 63) be lifted and that the Court's 41(g) Order (ECF 55) be enforced.

          THE PLAINTIFF,
          DANIEL CARPENTER

By: */s/ Jeffrey P. Nichols*
    David A. Slossberg (ct13116)
    Jeffrey P. Nichols (ct29547)
    HURWITZ SAGARIN SLOSSBERG &
    KNUFF, LLC
    147 North Broad Street
    Milford, CT  06460-0112
    Telephone: (203) 877-8000
    Fax: (203) 878-9800
    JNichols@hssklaw.com
    DSlossberg@hssklaw.com

    THE PLAINTIFF,
    GRIST MILL CAPITAL, LLC

By: */s/ Jonathan J. Einhorn*
    JONATHAN J. EINHORN, ESQ.
    129 Whitney Avenue
    New Haven, Connecticut 06510
    Federal Bar No. ct00163
    203-777-3777
    einhornlawoffice@gmail.com

## **CERTIFICATE OF SERVICE**

      This is to certify that on April 19, 2018 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing.  Parties may access this filing through the Court's electronic system.

                                                  */s/ Jeffrey P. Nichols*
                                                  Jeffrey P. Nichols