# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL CARPENTER, *et al.*,<br>    Plaintiffs,<br><br>        v.<br><br>COMMISSIONER, INTERNAL<br>REVENUE SERVICE, *et al.*,<br>    Defendants. | No. 3:13-cv-563 (SRU) |

## RULING ON MOTION FOR CLARIFICATION AND FOR ENTRY OF JUDGMENT

On April 5, 2018, Daniel Carpenter and Grist Mill Capital LLC filed a Motion for Clarification and for Entry of Judgment under Rule 54(b). Doc. # 146. Plaintiffs' motion made three distinct requests, which implicate aspects of both my December 14, 2016 order dismissing a portion of plaintiffs' claims against Shaun Schrader, doc. # 92, and my March 29, 2018 order granting Schrader's motion for summary judgment on plaintiffs' remaining claims against him, doc. # 144. Specifically, plaintiffs have requested (1) clarification of the nature of the dismissal of certain claims against Schrader under *Heck v. Humphrey*, (2) clarification and/or additional rulings from me regarding the constitutionality of IRS firearm policy, and (3) entry of final judgment on all *Bivens* claims against defendants Schrader and Kathy Enstrom. I write briefly to address each of plaintiffs' requests for clarification in turn, and to explain my entry of final judgment on plaintiffs' *Bivens* claims against Schrader and Enstrom. Because I think that final disposition of plaintiffs' *Bivens* claims would also assist the efficient adjudication of plaintiffs' Rule 41(g) claim, I also write to deny plaintiffs' separate motion at doc. # 142 requesting that I lift the stay of my prior Rule 41(g) order.

1. *Plaintiffs' request for clarification of my ruling under* Heck v. Humphrey

First, plaintiffs have sought further explanation of my dismissal, under the doctrine of *Heck v. Humphrey*, of their Fourth Amendment claims premised on the invalidity of the search warrant used in the April 20, 2010 search of 100 Grist Mill Road. My dismissal under *Heck* stems from U.S. District Judge Robert N. Chatigny's denial of a motion to suppress evidence obtained with that warrant, in a separate criminal proceeding that has resulted in Carpenter's conviction.[1] In my December, 14, 2016 order I dismissed plaintiffs' invalid-warrant claims "without prejudice to renewal if [Carpenter's] conviction is invalidated." Plaintiffs now ask that I provide "clarification as to whether [I am] retaining jurisdiction over the invalid-warrant claims, in which case there would . . . appear to be no final decision on those claims, or whether the provision 'without prejudice to renewal' is premised on the principle that a *Heck*-barred claim does not accrue prior to the termination of criminal proceedings in the plaintiff's favor." In brief, I choose the latter option. As plaintiffs' own citation to *Heck* in their motion for clarification makes clear, any cause of action predicated on the allegedly invalid search warrant will not accrue until the criminal conviction reliant on the validity of the warrant is reversed. Because no claim is cognizable, there is nothing over which I can retain jurisdiction. To the extent that plaintiffs believe that some relevant portion of their Fourth Amendment claims are not covered by the *Heck* doctrine, they can challenge the application of *Heck* on appeal.

2. *Plaintiffs' request for clarification of my ruling on IRS firearm policy*

Second, plaintiffs have requested clarification regarding my determination that IRS Criminal Investigation agents are permitted by IRS policy to carry firearms. Plaintiffs' request for clarification of that point, however, appears to actually be a request that I make additional

---

[1] The criminal proceeding before Judge Chatigny is *United States v. Carpenter*, 3:13-cr-226 (D. Conn.).

legal conclusions beyond what was necessary to my ruling in this case. Plaintiffs lament that my March 29, 2018 ruling "does not address plaintiffs' argument that 26 U.S.C. § 7608(a) prohibits the IRS Criminal Investigation division from carrying out armed raids." Plaintiffs are correct that I did not address that argument in my March 29, 2018 ruling, but I decline to "clarify" my original ruling by doing so now. Regardless of the effect of 26 U.S.C. § 7608(a) on IRS policy (clearly established or otherwise), Schrader, who had no role in formulating IRS firearm policy, was not acting in violation of a clearly established constitutional right when he drew up a Search Warrant Plan that conformed to IRS policy. Any more ambitious frontal challenge to IRS agents' ability to carry firearms will have to await a more suitable combination of plaintiffs and defendants.

3. *Plaintiffs' request for entry of a final judgment on claims against Enstrom and Schrader*

Third, plaintiffs have requested that I enter final judgment on all *Bivens* claims against Kathy Enstrom and Shaun Schrader pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The defendants agree that there are, in this case, multiple claims against multiple parties, and seemingly agree that my dismissals of all claims against Schrader and Enstrom constitute final decisions on such claims. Because plaintiffs' claim for return of property pursuant to Rule 41(g) remains active, and because I believe that the arguments made for and against plaintiffs' Rule 41(g) claim would benefit from finality on appeal of the *Bivens* claims against Schrader (and, theoretically, Enstrom), I hereby determine that there is no just reason for delay and direct the clerk to enter judgment in favor of Enstrom and Schrader, dismissing all claims against them.

In June 2015, I denied in substantial part the government's motion to dismiss the plaintiffs' claim for return of property, and I ordered the government to return a substantial

portion of the materials seized during the April 2010 search of the plaintiffs' facility.[2] Doc. # 55. In my June 2015 ruling, I relied in significant part on the Second Circuit's opinion in *United States v. Ganias*, 755 F.3d 125 (2d Cir. 2014), *on reh'g en banc*, 824 F.3d 199 (2d Cir. 2016), to hold that the government could not indefinitely retain plaintiffs' documents absent any permissible ongoing investigation into such documents or a relevance for such documents to existing judicial proceedings. In February 2016, I denied the government's motion for reconsideration of that order without prejudice to renewal following the Second Circuit's then as-yet-unissued *en banc* ruling in *United States v. Ganias*, 824 F.3d 199 (2d Cir. 2016), but I stayed application of my order requiring return of the seized documents. Doc. # 63. Rather than awaiting the Second Circuit's *en banc* ruling in *Ganias* and renewing their motion for reconsideration, the government appealed my denial of their motion for reconsideration. Doc. # 64. In August 2017, the Second Circuit remanded the government's appeal, noting that the *en banc* Court had issued its ruling in *Ganias*, that Carpenter had been convicted in the criminal proceeding before Judge Chatigny, and that the parties' disagreements regarding return of the seized documents had narrowed (and in fact, apparently, changed),[3] and suggesting that I consider any order to return plaintiffs' documents in light of such changed circumstances. Doc. # 126. Plaintiffs have since filed a motion to lift the stay and enforce my original order requiring the return of the seized documents, doc. # 142, and the government has objected to that motion and has asked that plaintiffs' Rule 41(g) motion be denied, doc. # 145.

---

[2] The government, in this case, is acting via the person of the Commissioner of the IRS, who has been sued in his official capacity.
[3] Although, in its *Ganias* ruling, the *en banc* Court vacated the original *Ganias* decision, it avoided expressing any position on the aspects of the original decision on which I relied in ordering return of most of the seized documents.

Although not always consistent, the government's and plaintiffs' recent filings in this case do appear to suggest a narrowing of the Rule 41(g) dispute to twenty-nine boxes or categories of materials.

Twenty-six of the boxes are currently being held, in whole or in part, by the Department of Labor ("DOL") in connection with the criminal case before Judge Chatigny. As the Second Circuit has noted, plaintiffs have disclaimed any intent to seek the return of documents relevant to the criminal case while it is still ongoing. Sentencing in that case is currently scheduled for June 27, 2018, and any appeal must be filed shortly thereafter. Moreover, although plaintiffs urge that I oblige the government to parse through the contents of the twenty-six boxes held by the DOL to determine which specific documents contained in those boxes continue to be relevant to the criminal case, Judge Chatigny is the more appropriate overseer of such an effort while the case before him is still pending.[4]

Putting aside one box which has apparently been lost,[5] we are left with two disputed categories of materials: (1) mirror images of servers and drives seized by the IRS, and (2) electronically scanned copies of the hard copy documents that the IRS seized, the originals of which the government claims have mostly been returned. As a preliminary matter, that last category risks swallowing the whole discussion. Although the government claims it returned "all paper documents in IRS custody by June 26, 2011", the plaintiffs are not merely seeking the return of *some* version of each document held by the government, they are seeking the return of *all* versions of each document held by the government. The government's attempt to retain

---

[4] It is also unclear to what extent the twenty-six boxes are subject to the Rule 41(g) motion currently pending before Judge Bolden in *Carpenter v. Allen*, 3:14-cv-741 (D. Conn.), which Carpenter has brought against officials of the DOL—the more appropriate targets of requests for return of such documents.

[5] "Box 91" is reported as lost by the IRS. Because plaintiffs do not appear to be pursuing the return of Box 91 with any greater specificity than their broader Rule 41(g) motion, I do not address the specific status of Box 91 in more detail. In any event, because I maintain the stay in its entirety, the status of Box 91 does not affect the government's current obligations with respect to any documents contained therein.

electronic copies of any significant portion of the documents it seized during the April 2010 search would appear to implicate Platintiffs' Fourth Amendment rights, and, for the reasons set out in the original *Ganias* decision and my June 2015 order, I am skeptical that the IRS may hold copies of plaintiffs' documents indefinitely.  However, I am not well-positioned at the moment to review the government's ability to retain the electronic copies, because plaintiffs and the government have failed to provide me with sufficient clarity on the descriptions of any individual electronic documents or groups of electronic documents such that I could order their categoric return confident that I am not interfering with Judge Chatigny's authority.[6]  Moreover, even with respect to documents that are not relevant to any other proceeding, the government has articulated a distinct and specifically time-limited need to retain their copies of plaintiffs' documents while plaintiffs' *Bivens* claims against Schrader are ongoing.  I do not find that argument particularly convincing, but judicial efficiency still counsels in favor of delaying its resolution.[7]

I am today ordering final judgment be entered on plaintiffs' *Bivens* claims against Schrader, and plaintiffs will henceforth be able to either appeal that entry of judgment or allow the time for appeal to expire.  Similarly, Judge Chatigny will soon render his sentence in the criminal case against Carpenter, and Carpenter will either appeal his sentence or allow the time for appeal to expire.  Once direct review of both proceedings is completed or foreclosed, I will, if necessary, be able to comprehensively address the IRS's attempt to indefinitely retain any

---

[6] Plaintiffs' failure to provide additional details on the specifics of any documents retained also makes it impossible for me to determine which of the documents at issue actually belong to plaintiffs.

[7] The government has also argued that their ability to retain the electronic copies of all documents seized was specifically permitted in a settlement agreement in yet another related proceeding before U.S. District Judge Alfred V. Covello, *Pettibone Tavern, LLC v. IRS*, 3:10-mc-64 (D. Conn.).  I disagree that the existence of such proceeding, or any order by Judge Covello in such proceeding, would deprive me of the authority to rule that the indefinite retention of copies of plaintiffs' documents was lawful.

documents that it is currently holding, which is, I think, preferable to the piecemeal determinations that would be possible before then.

Accordingly, I think this case will benefit from entry of final judgment on plaintiffs' *Bivens* claims against Schrader and Enstrom. I therefore GRANT plaintiffs' Motion for Clarification and for Entry of Judgment under Rule 54(b) at doc. # 146. I have provided above as much clarification as I think necessary, and I hereby determine that there is no just reason for delay and direct the clerk to enter judgment in favor of Enstrom and Schrader, dismissing all claims against them. For the overlapping reasons set forth above, I DENY plaintiffs' Motion to Lift Stay and Enforce Rule 41(g) Order at doc. # 142. I think that a more efficient final adjudication of plaintiffs' Rule 41(g) motion will be possible after Carpenter has been sentenced in the proceedings before Judge Chatigny, and has exhausted any appeal in that proceeding or of my dismissal of his *Bivens* claims against Schrader.

So ordered.

Dated at Bridgeport, Connecticut, this 22nd day of June 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge