UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIEL CARPENTER and<br>GRIST MILL CAPITAL, LLC, | :<br>:<br>: | No. 3:13-cv-563 (SRU) |
| Plaintiffs, | :<br>:<br>: | |
| vs. | :<br>: | |
| COMMISSIONER, INTERNAL REVENUE<br>SERVICE, JOHN KOSKINEN, SHAUN<br>SCHRADER, VICTOR SONG, and JANE<br>AND JOHN DOES 1 TO 72, | :<br>:<br>:<br>:<br>: | December 14, 2020 |
| Defendants. | :<br>: | |

## JOINT STATUS REPORT

Pursuant to the Court's order dated November 23, 2020 (ECF 167), the Plaintiffs Daniel Carpenter and Grist Mill Capital, LLC ("GMC") and the Defendant United States of America hereby submit this Joint Status Report.

**A. Background**

1. <u>IRS-CI Seizures</u>:

Plaintiffs' request for return of property, which appears in their original Complaint filed on April 19, 2013 (ECF 1), pertains to property seized on April 20, 2010 by the IRS-CI during a warrant search at Plaintiffs' offices in Simsbury, including 322 boxes of documents and some software, and mirror images of a number of computers and servers. That investigation closed in January 2016 with no indictment. (*See* Koskinen App't Br. at 11, copied in relevant part in ECF 143 at 4).

2. <u>DOL Seizures</u>:

In May 2011, while the IRS-CI investigation was still open, the Department of Labor ("DOL") re-seized a subset of the items in IRS-CI's custody pursuant to a grand jury subpoena

and a search warrant issued in an unrelated investigation in the District of Connecticut. (Watzka 2017 Decl. ¶ 5, ECF 141-4.)  In May 2011, the DOL also executed other federal warrants to search Plaintiffs' offices and to copy the images of the 11 computers or servers, one thumb drive, and one external hard drive previously searched and imaged by the IRS.  In May 2014, Plaintiffs filed an action asserting *Bivens* claims against certain DOL agents and seeking return of all property "seized by the government." (*Carpenter v. Allen*, No. 3:14-cv-00741-KAD, ECF 1.)  That case was stayed until November 2020.  (*See id.*, ECF 53.)  Additionally, the DOL investigation resulted in criminal proceedings (Chatigny, J., presiding) and judgment against Mr. Carpenter, from which Mr. Carpenter took a merits appeal and also appealed from the order of restitution. (*See* 3:13-cr-00226-RNC.)  The merits appeal is now final, since the Second Circuit affirmed and the Supreme Court denied certiorari.

3. Relevant Proceedings in this Action

The Court ordered the return of 316 of the 322 boxes seized on June 4, 2015 (ECF 55) ("41(g) Order"),[1] but stayed that order on February 5, 2016 (ECF 63).  The government appealed from the Rule 41(g) Order and, following oral argument, the Second Circuit remanded on August 23, 2017 for the Court to consider "changed circumstances," observing that

> the parties' disagreement regarding return of the documents appeared to have narrowed.  The Government noted that, subject to chain of custody concerns, it objects only to returning documents relevant to the criminal proceedings.  Plaintiffs' counsel acknowledged that they do not object to the retention of these documents as long as the criminal proceedings are pending, and that plaintiffs currently seek only the return of documents not relevant to the criminal proceedings.

---

[1] At the time, the Court found that 4 boxes had been returned to Plaintiffs, and 2 boxes were being used for the DOL-related criminal proceedings, leaving 316 boxes that the Court ordered to be returned.  (*See* ECF 55 at 4-5, 8-16, and n. 4.)  The Court also ordered the government to "destroy any and all copies, electronic or otherwise, of all non-responsive documents (including computer 'mirror images') seized during the April 20, 2020 search." (*Id.* at 16.)

(2d Cir. Mandate, ECF 126.)

Thereafter, on November 14, 2017, this Court granted the motion to dismiss by one of the two defendants (Kathy Enstrom).  On March 22, 2018, Plaintiffs filed a motion to lift the stay of the 41(g) Order.  (ECF 142.)   On March 29, 2018, the Court granted the motion for summary judgment by the other defendant (Shaun Schrader).  (ECF 144.)  On June 22, 2018, the Court denied the motion to lift the stay of the 41(g) Order pending resolution of Plaintiffs' appeal from the dismissal of the *Bivens* claims in this case, and Mr. Carpenter's appeal in the criminal case.  (ECF 151.)

### B.  Current Location of Seized Materials

The parties have reduced the dispute to the following 29 items.  This list was first reported in the parties' Joint Status Report dated January 10, 2018 (ECF 140).  The government has confirmed that the location is unchanged since then:

|     | **Box** | **Defendant's position** |
| --- | --- | --- |
| 1)  | 32 | At DOL |
| 2)  | 35 | At DOL |
| 3)  | 36 | At DOL |
| 4)  | 37 | At DOL |
| 5)  | 38 | At DOL |
| 6)  | 54 | At DOL |
| 7)  | 75 | At DOL |
| 8)  | 90 | At DOL |
| 9)  | 91 (software and related documents) | Originally held by IRS-CI; location unknown |
| 10) | 103 | DOL holding part of contents; part returned |
| 11) | 121 | DOL holding part of contents; part returned |
| 12) | 124 | At DOL |
| 13) | 128 | At DOL |
| 14) | 145 | DOL holding part of contents; part returned |
| 15) | 205 | At DOL |
| 16) | 237 | At DOL |
| 17) | 238 | At DOL |
| 18) | 239 | At DOL |
| 19) | 243 | At DOL |
| 20) | 247 | At DOL |
| 21) | 249 | At DOL |

| | | |
|---|---|---|
| 22) | 253 | At DOL |
| 23) | 287 | DOL holding part of contents; part returned |
| 24) | 291 | At DOL |
| 25) | 293 | At DOL |
| 26) | 300 | DOL holding part of contents; part returned |
| 27) | 308 | DOL holding part of contents; part returned |
| 28) | Electronic Copies | IRS-CI maintains a hard drive containing scanned copies of documents |
| 29) | Mirror images of servers and drives | At IRS-CI |

**C. Partial Agreement**

Given that Box 91 is lost, it appears there is nothing to be done with that. The IRS has detailed that Box 91 contained Peachtree accounting software that presumably was thrown out.

Additionally, the IRS-CI intends to destroy the hardware containing Items 28 and 29 above, which consist of scanned copies of all the seized documents and mirror images of 11 hard drives, one thumb drive, and one external hard drive. Items 28 and 29 are digital copies created by IRS-CI and stored on its own hardware; IRS-CI did not seize any physical computer hardware during the April 20, 2010 search. While Plaintiffs agree that the IRS-CI should not retain the digital images and copies, Plaintiffs object to their destruction and request that they be returned.

**D. Disagreement**

The parties disagree about (1) whether Items 28 and 29 should be returned or destroyed, and (2) whether the boxes of documents initially seized by IRS-CI that were subsequently re-seized by DOL, and are currently in DOL custody (*see* Items 1 through 8 and 10 through 27 in the above list), are subject to Rule 41(g) relief in this action.

1. <u>Plaintiffs' Position</u>:

Rule 41(g) provides, in part, that "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. Crim. R. P. 41(g). The rule provides a mechanism for enforcing a fundamental policy that the government

has an affirmative duty to "promptly" return seized, non-contraband property "against which no Government claim lies." *See United States v. Wilson*, 540 F.2d 1100, 1103 (D.C. Cir. 1976); *see also United States v. David*, 131 F.3d 55, 59 (2d Cir. 1997) ("It is well settled that upon the termination of criminal proceedings, seized property, other than contraband, should be returned to the rightful owner.")

Here, the government has acknowledged that the IRS-CI investigation closed in January 2016, almost five years ago. (*See* Koskinen App't Br. at 11, copied in relevant part in ECF 143 at 4.)  Despite that, the government argued to the Second Circuit and this Court that it was entitled to retain complete copies of the seized materials, and additional boxes re-seized by the DOL, to protect against chain-of-custody issues in the criminal proceedings that resulted from the DOL investigation.  If that ever was a colorable basis for retaining the materials, it cannot be any longer, given the government's acknowledgement that the merits of the criminal proceedings are now final on appeal. (*See* Joint Status Report, ECF 166.)  Thus, the government has an affirmative duty to return the materials. *See United States v. Wilson*, *supra.*  In fact, the government, through Attorney Mark S. Determan of the DOJ, conceded that principle during argument at the Second Circuit on June 15, 2017:

> MR. DETERMAN:   We're not denying that, after the criminal case is done, that Plaintiffs have a right to sole possession of their records.
>
> JUDGE CALABRESI: Of everything including the copies?
>
> MR. DETERMAN:   Yes, Your Honor.

(*See* ECF 149 at 4-5, transcribing a portion of the oral argument.)

What remain is the question of (a) whether the government may destroy the digital materials despite Plaintiffs' specific request that they be returned, rather than destroyed, and (b) whether Plaintiffs' 41(g) motion for return of property "seized by the government . . . 322 boxes"

on April 20, 2010 (IRS-CI agents) encompasses documents subsequently re-seized by DOL agents in May 2011.

Regarding whether the government may destroy the materials over Plaintiffs' objection, Plaintiffs' motion expressly seeks "return" of the seized materials (*see* Complaint, ECF 1; TAC ECF 114), and Rule 41(g) expressly recognizes the right to a "return" of seized property.  Fed. R. Crim. P. 41(g).  Although the word "destroy" appears in the Advisory Notes, it refers to the Court's discretion to fashion relief, and does not empower the government to destroy materials over the movant's objection.  *See* Fed. R. Crim. P. 41 advisory committee's note (1989 amendments) ("In some circumstances ... equitable considerations might justify an order requiring the government to return or destroy all copies of records that it has seized.").  Furthermore, the right to return of seized property extends to copies, and the Court has clear authority under Rule 41(g) to order the return of copies.  *See id.*; *see also United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1174 (9th Cir. 2010) ("Rule 41(g) does indeed contemplate that district judges may order the return of the originals, as well as any copies, of seized evidence.").  The government expressly conceded that point during argument at the Second Circuit on June 15, 2017, per the transcript excerpt above.  (*See* ECF 149 at 4-5.)

Next, regarding whether the Rule 41(g) motion extends to documents initially seized by IRS-CI and then re-seized by the DOL, Plaintiffs' motion expressly seeks return of property "seized by the government . . . 322 boxes" on April 20, 2010.  Whether the boxes are in the custody of IRS-CI or DOL is a distinction without a difference, and does not affect this Court's authority under Rule 41(g) to order their return.  In fact, this Court already ordered their return on June 4, 2015.  (*See* ECF 55 at 4-5, 8-16.)  Although the Court stayed enforcement of that order due to potential complications with the DOL-related criminal proceedings (*see* ECF 63 and

ECF 151), the merits of those proceedings are now final.  The government is obligated to return the materials; the pending Rule 41(g) motion clearly encompasses those materials; and the Court has the authority to order their return pursuant to Rule 41(g).  Plaintiffs respectfully submit that their Rule 41(g) motion, pending since April 19, 2013, should be fully granted.

    2. <u>Government's Position</u>:

The United States submits that no case or controversy remains before the Court.  The Plaintiffs' operative complaint in this action seeks "an order requiring that the material seized be returned to its rightful owner(s)." (ECF 114 at 9).  That already has happened.  As explained at length in their Opposition to Plaintiffs' Motion to Lift Stay (ECF 145), the Defendants have not had custody or control of the documents at issue in Plaintiffs' motion since at least June 16, 2011.  (*Id.* at 145, *citing* ECF 40-1 at 2 & 141-1 at ¶ 18.)  Of the 322 boxes of original documents seized by IRS-CI on April 20, 2010, 320 of them were returned pursuant to a settlement agreement in earlier Rule 41(g) proceedings and an order of the United States District Court for the Eastern District of Wisconsin.  (*Id.*)  The investigators retained two original boxes under a subsequent agreement with Carpenter's Wisconsin counsel.  (*Id.*)  The parties now agree that the Defendants do not have custody of any original documents.  Plaintiffs are not "aggrieved … by the deprivation of property," so the equitable relief request by Plaintiffs – and that permitted by Rule 41(g) – is moot.

Although Rule 41(g) does not contemplate the return or destruction of *copies* of property, IRS-CI intends to destroy all of its hardware on which images of evidence seized on April 20, 2010 are maintained.  However, Plaintiffs are not entitled to the turnover of the Government's hardware on which those images are contained.  They cannot dictate the Government's evidence retention policies, and Rule 41(g), which is the sole basis of a sovereign immunity waiver here,

speaks only to the *return* of an individual's property.  Rule 41(g) does not permit an order for the turnover of the Government's own property that contains images of an individual's property.

To the extent that Plaintiffs seek the return of property in DOL custody, the Defendants here do not have custody or control of those items, and such a request is duplicative of a motion by Plaintiffs in a civil lawsuit against DOL officials pending before another session of this Court. (*See Carpenter v. Allen*, No. 3:14-cv-00741-KAD, ECF 1 at 8-9.)  Moreover, Plaintiffs' request is contrary to their June 15, 2017 statement to the Second Circuit in connection with this Rule 41(g) proceeding that, "Mr. Carpenter is trying to get the return of all documents that aren't plausibly related to the Department of Labor prosecution pending in the District of Connecticut right now, and that includes copies."  (ECF 145 at 11.)  Plaintiffs' action here challenged the conduct of IRS-CI agents and government officials in connection with the April 20, 2010 search warrant execution and sought the return of documents seized during that search.  It cannot now be used to compel the return of documents subsequently seized through a grand jury subpoena and search warrants issued in a separate investigation and held by non-parties.

### E.  Next Steps

Plaintiffs intend to file a motion to lift the stay on the Court's prior Rule 41(g) order (ECF 55) and for final adjudication of their Rule 41(g) motion.

Respectfully submitted,

| | |
|---|---|
| THE PLAINTIFF<br>DANIEL CARPENTER | THE DEFENDANT<br>UNITED STATES OF AMERICA |
| By: */s/ Jeffrey P. Nichols*<br>David A. Slossberg (ct13116)<br>Jeffrey P. Nichols (ct29547)<br>HURWITZ SAGARIN SLOSSBERG &<br>KNUFF, LLC | RICHARD E. ZUCKERMAN<br>Principal Deputy Assistant Attorney General<br><br>*/s/ Jordan A. Konig*<br>JORDAN A. KONIG (phv07255) |

|  |  |
|---|---|
| 147 North Broad Street<br>Milford, CT  06460-0112<br>Telephone: (203) 877-8000<br>Fax: (203) 878-9800<br>JNichols@hssklaw.com<br>DSlossberg@hssklaw.com | Trial Attorney, Tax Division,<br>U.S. Department of Justice<br>P.O. Box 55<br>Washington, D.C. 20044<br>(202) 305-7917 (phone)<br>(202) 514-5238 (fax)<br>Jordan.A.Konig@usdoj.gov |

THE PLAINTIFF
GRIST MILL CAPITAL, LLC

By: */s/ Jonathan J. Einhorn*
    JONATHAN J. EINHORN, ESQ.
    129 Whitney Avenue
    New Haven, Connecticut 06510
    Federal Bar No. ct00163
    203-777-3777
    einhornlawoffice@gmail.com

## **CERTIFICATE OF SERVICE**

This is to certify that on December 14, 2020 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

*/s/ Jeffrey P. Nichols*
Jeffrey P. Nichols