**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DANIEL CARPENTER and | : | |
| GRIST MILL CAPITAL, LLC, | : | CASE NO. 3:13-cv-563 (SRU) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| COMMISSIONER, INTERNAL REVENUE | : | April 26, 2021 |
| SERVICE, JOHN KOSKINEN, SHAUN | : | |
| SCHRADER, VICTOR SONG, and JANE | : | |
| AND JOHN DOES 1 TO 72, | : | |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| DANIEL CARPENTER and | : | |
| GRIST MILL CAPITAL, LLC, | : | CASE NO. 3:14-cv-741 (SRU) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| LYNN ALLEN *et. al.* | : | April 26, 2021 |
| | : | |
| | : | |
| Defendants. | : | |

**<u>RENEWED MOTION FOR RETURN OF PROPERTY PURSUANT TO RULE 41(g)
AND RESPONSE TO SHOW CAUSE ORDER</u>**

Plaintiffs Grist Mill Capital, LLC and Daniel Carpenter ("Plaintiffs") hereby move the

Court for final adjudication of Plaintiffs' motion for return of property pursuant to Fed. R. Crim.

P. 41(g). This issue motion has been pending for eleven years, and the government has agreed

that there is no reason to delay adjudication any longer. (*See* 12/16/20 Joint Status Report, ECF

168.)  Plaintiffs respectfully request that the Court order the return of all property seized by the IRS-CID on April 20, 2010.

## PRELIMINARY STATEMENT

This Court ordered the Internal Revenue Service and the Department of Labor to show cause why items seized in connection with its investigations of the plaintiffs should not be immediately returned to them (ECF 175).[1]

The government's response to this Court's Order to Show Cause defies this long history on the issue and the representations made to the Second Circuit. It is not the "latest chapter" in the Carpenter litigation. Rather it is an ancient issue on which the Government ignores this history. Grist Mill Capital, LLC (GMC) and Daniel Carpenter have been attempting to get their property back for the last 11 years.

Of significance is that in Exhibit 3, A.U.S.A. David Novick subpoenaed Plaintiff's former counsel for certain boxes of plaintiff's records and materials that it was holding. Reviewing Exhibit 4, the late Wayne Bursey's affidavit to Judge Covello in support of the Emergency Motion to Return the property unlawfully seized on April 20, 2010, the same box numbers appear. According to Bursey, the loss of those boxes caused an enormous financial loss to the company. They were Plaintiff's property and of significant value and have yet to be returned.. (See Exhibit 5).

---

[1] Note that as far back as May 11, 2010 Judge Covello had likewise entered a show cause order in *Pettibone Tavern, LLC et al, vs. Commissioner of Internal Revenue*, 3:10MC64 (AVC), (Exhibit 1 attached) in response to Plaintiff's Emergency Motion for Return of Illegally Seized Property (Exhibit 2).

A. **Background**

1. **Property seizures**

The property at issue was seized by IRS Criminal Investigation ("IRS-CI") on April 20, 2010, in connection with a grand jury investigation out of the Eastern District of Wisconsin. (Watzka Decl. ¶¶ 1-3, ECF 141-4.) The seized property included 322 bankers boxes of documents and digital "mirror images" of certain servers and drives. The IRS-CI closed its investigation in January 2016. (*See* Koskinen App't Br. at 11, ECF 143; *see also* Watzka 6/9/16 Letter, ECF 143-1.)

In May 2011, while the IRS-CI investigation was still open, the Department of Labor ("DOL") re-seized a subset of the items in IRS-CI's custody in connection with other grand jury proceedings in the District of Connecticut. (Watzka 2017 Decl. ¶ 5, ECF 141-4.) Those proceedings resulted in a prosecution against Mr. Carpenter (the "prosecution"). (*See* 3:13-cr-00226-RNC.)

2. **Procedural history of the Rule 41(g) issues**

a. **Rule 41(g) motion filed April 19, 2013**

The instant action commenced on April 19, 2013. (ECF 1.) In addition to *Bivens* claims against IRS-CI agents concerning events during the 2010 search warrant at Plaintiffs' offices, the Complaint sought the return of the seized property pursuant to Rule 41(g). (*Id.*) The filing of this case and the Rule 41(g) motion preceded the above-mentioned prosecution by eight months. (*See* 3:13-cr-00226-RNC, ECF 1, filed 12/12/13.) On May 22, 2014, Plaintiffs also filed a separate civil action bringing *Bivens* claims against DOL personnel concerning execution of the 2011 search warrant, and seeking return of property seized by DOL; however, that case was stayed for more than six years until November 2020. (*See* 3:14-cv-00741-KAD.)

### b.  Order granting Rule 41(g) relief on June 4, 2015

On July 7, 2014, in the present action, the government filed a "Motion to Dismiss or, Alternatively, for Summary Judgment." (ECF 38.)  The government argued, *inter alia*, that the Rule 41(g) motion should be dismissed or, alternatively, that it was moot because the government had returned most of the originals to Plaintiffs while retaining digital copies.  (ECF 39.)  On June 4, 2015, the Court denied the motion to dismiss and ruled that the Rule 41(g) motion was not moot because the government was retaining the digital copies, as well as certain paper originals.  (ECF 55 at 9-16.)  The Court ordered the government to return the original seized property and to destroy the copies, except for two boxes that the government asserted, in affidavits, were relevant to the then-pending prosecution.  (*Id.*)

### c.  Government motion for reconsideration filed on July 2, 2015

On July 2, 2015, the government filed a motion for reconsideration.  (ECF 59.)  Revising its prior averrals regarding "two boxes," the government represented that it was holding "a number of boxes and images of electronically-stored information derived from the 2010 IRS search." (ECF 60 at 15.)  The government also argued, *inter alia*, that the Court had improvidently relied on the Second Circuit's 2014 panel decision in *United States v. Ganias*, which was being reviewed by the Second Circuit *en banc*.  (ECF 60 at 19-20.) Additionally, the Government argued that the IRS-CI investigation was "ongoing" and would be "imperiled" by the Court's 41(g) Order.[2]  (*Id.* at 2, 16-17.)  Six months later, in January 2016, the IRS-CI closed

---

[2] In support, the Government submitted the July 2, 2015 affidavit of AUSA Gordon Giampietro, who averred that the IRS-CI investigation was "ongoing" and that the 41(g) Order would "unduly burden and inference with" the investigation.  (Giampietro 2015 Aff. ¶¶ 12-14, ECF 141-7.)  There is some doubt as to Giampietro's capacity to aver that the investigation had ongoing viability given that he was in the process of leaving the U.S. Attorney's Office that same month for private practice, and in light of the fact that the investigation was actually on its last legs, and closed in January 2016.  (*See* ECF 143.)

its grand jury investigation with no indictment (*see* ECF 143), but did not notify the Court of this material development.

### d. Denial of reconsideration without prejudice on February 5, 2016

On February 5, 2016, the Court denied the motion for reconsideration without prejudice to renewal following the Second Circuit's *en banc* ruling in *United States v. Ganias* and stayed its 41(g) Order.[3] (ECF 63.) Nonetheless, the government filed a notice of appeal on April 4, 2016, three months after the IRS-CI investigation ended. (ECF 64.) It was only thereafter that the government informed Plaintiffs of the closure of the IRS-CI investigation, via letter dated June 9, 2016. (Watzka 6/9/16 Letter, ECF 143-1.)

### e. Rule 41(g) matters remanded by Second Circuit on June 29, 2017

At a status conference on June 16, 2016, this Court noted that the *en banc* decision had issued in *Ganias*. (ECF 68.) In light of this development, the Court invited the Government to renew its motion for reconsideration and withdraw the appeal, which the Court described the appeal as "premature and unnecessary." (*Id.*) Nonetheless, the Government chose to continue the appeal. After a full year had passed, the Second Circuit heard oral argument on June 15, 2017, then quickly issued a Summary Order on June 29, 2017 remanding the Rule 41(g) matters for the very sort of reconsideration that this Court had offered one year prior. (*See* Summary Order, ECF 121.) Specifically, the Summary Order instructed the district court to "consider the changed circumstances," including the *en banc* decision in *Ganias*, the verdict in Mr. Carpenter's criminal case, the narrowing of the parties' disagreement regarding the return of documents, and

---

[3] The Court had explained in its January 30, 2016 clarification: "I have not yet ruled on [the government]'s motion for reconsideration because my initial ruling relied in part on *United States v. Ganias*, 755 F.3d 125 (2d Cir. 2014), *reh'g en banc granted*, 791 F.3d 290 (2d Cir. 2015). I am holding my ruling until the Second Circuit issues its *en banc* decision in that case." (ECF 62.)

the government's representation to the Second Circuit that the parties would seek a compromise regarding chain of custody issues.  (*Id.*)

### f.   Motion to Lift Stay denied on June 22, 2018

On July 13, 2017, the Court conducted a telephonic status conference and ordered the parties to file a joint status report regarding the location of seized materials.  (ECF 123.)  The parties filed joint status reports in September 2017 and January 2018 narrowing the controversy to 27 boxes and two sets of digital copies.  (ECF 134, 140.)  Then on March 22, 2018, Plaintiffs moved to lift the stay and enforce the Court's Rule 41(g) Order that had issued in June 2015. (ECF 142.)

Relatedly, on April 20, 2018, the Court granted the government's motion for summary judgment on the *Bivens* claims (ECF 144), and partial judgment entered on July 23, 2018 (ECF 153), excluding the Rule 41(g) issues.  In light of that development, on June 22, 2018, the Court denied Plaintiffs' motion to lift the stay of the 41(g) Order, concluding that it would be more efficient to adjudicate the Rule 41(g) issues upon exhaustion of appeals from the judgments in this action and the prosecution.

### g.   Stay lifted on November 23, 2020

On November 12, 2020, the parties reported that both the civil and criminal appeals had been exhausted.  (ECF 166.)  On November 23, the Court lifted the stay and ordered the parties to summarize their positions on the Rule 41(g) issues.  (ECF 167.)  On December 16, the parties filed a joint status report identifying the remaining disputes and stating their respective positions. (ECF 168.)

### 3. **Current location of seized materials**

The parties have reduced the dispute to the following 29 items. This list was first reported in the parties' Joint Status Report dated January 10, 2018 (ECF 140). The government has confirmed that the location is unchanged since then. The parties' respective positions are noted next to each item, as stated in the most recent joint status report (ECF 168):

|  | **Box** | **Current location** | **Plaintiffs' position** | **Govt's position** |
|---|---|---|---|---|
| 1) | 32 | At DOL | Return | No jurisdiction |
| 2) | 35 | At DOL | Return | No jurisdiction |
| 3) | 36 | At DOL | Return | No jurisdiction |
| 4) | 37 | At DOL | Return | No jurisdiction |
| 5) | 38 | At DOL | Return | No jurisdiction |
| 6) | 54 | At DOL | Return | No jurisdiction |
| 7) | 75 | At DOL | Return | No jurisdiction |
| 8) | 90 | At DOL | Return | No jurisdiction |
| 9) | 91 (software) | Lost | Moot | Moot |
| 10) | 103 | At DOL in part; part returned | Return | No jurisdiction |
| 11) | 121 | At DOL in part; part returned | Return | No jurisdiction |
| 12) | 124 | At DOL | Return | No jurisdiction |
| 13) | 128 | At DOL | Return | No jurisdiction |
| 14) | 145 | At DOL in part; part returned | Return | No jurisdiction |
| 15) | 205 | At DOL | Return | No jurisdiction |
| 16) | 237 | At DOL | Return | No jurisdiction |
| 17) | 238 | At DOL | Return | No jurisdiction |
| 18) | 239 | At DOL | Return | No jurisdiction |
| 19) | 243 | At DOL | Return | No jurisdiction |
| 20) | 247 | At DOL | Return | No jurisdiction |
| 21) | 249 | At DOL | Return | No jurisdiction |
| 22) | 253 | At DOL | Return | No jurisdiction |
| 23) | 287 | At DOL in part; part returned | Return | No jurisdiction |
| 24) | 291 | At DOL | Return | No jurisdiction |
| 25) | 293 | At DOL | Return | No jurisdiction |
| 26) | 300 | At DOL in part; part returned | Return | No jurisdiction |
| 27) | 308 | At DOL in part; part returned | Return | No jurisdiction |
| 28) | Electronic Copies | IRS-CI has a hard drive containing scanned copies of documents | Return | Plans to destroy |
| 29) | Mirror images of servers and drives | At IRS-CI | Return | Plans to destroy |

To summarize the reduced scope of the Rule 41(g) controversy:

- The parties agree that Box 91 is moot because it is lost;

- The parties agree that the IRS should not retain Items 28 and 29 – however, Plaintiff objects to the government's plan to destroy those items and is seeking their return; and

- Plaintiffs seek return of the balance of the listed items above (Items 1 through 8 and 10 through 27), but the government contends that the Court lacks jurisdiction over them.

## A. __Legal Standard__

Rule 41(g) provides, in part, that "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. Crim. R. P. 41(g). "It is well settled that upon the termination of criminal proceedings, seized property, other than contraband, should be returned to the rightful owner." *United States v. David*, 131 F.3d 55, 59 (2d Cir. 1997). As the D.C. Circuit has observed

> it is fundamental to the integrity of the criminal justice process that property involved in [a criminal] proceeding, against which no Government claim lies, be returned promptly to its rightful owner. Therefore, the district court has both the jurisdiction and duty to return such property.

*United States v. Wilson*, 540 F.2d 1100, 1103 (D.C. Cir. 1976), cited with approval in *Mora v. United States*, 955 F.2d 156, 158 (2d Cir. 1992). Accordingly, where there is a Rule 41(g) motion pending after the Government has abandoned its investigation, the movant has a presumptive right to the return of the seized property, and the government has the burden of demonstrating that it has a "legitimate reason" to retain the property.[4] *See United States v. Gotti*,

---

[4] This Court previously articulated the burden in its June 4, 2015 Order as follows: "The Government now attempts to shift to the plaintiffs its burden of demonstrating why it is reasonable to retain seized files that are unrelated to a criminal or civil proceeding, as required by Rule 41(g)." (ECF 55 at 13.)

244 F. Supp. 2d 120, 125 (E.D.N.Y. 2003); *see also Green v. United States*, 90 F. Supp. 2d 229,

230 (E.D.N.Y. 2000) (collecting cases). District courts in this Circuit have applied a three-part

test that a moving party must demonstrate in order to prevail on a Rule 41(g) motion: "(1) [the

party] is entitled to lawful possession of the seized property; (2) the property is not contraband;

and (3) either the seizure was illegal or the government's need for the property as evidence has

ended." *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 311 (S.D.N.Y.

2018) (quoting *Ferreira v. United States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005)). District

courts in this Circuit have held that when a criminal proceeding concludes "the evidentiary

burden for a Rule 41(g) motion shifts to the Government because there is a presumption that the

person from whom the property was allegedly taken has a right to its return. S*ee also United

States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014) (the "burden of proof changes when the

property in question is no longer needed for evidentiary purposes, either because trial is

complete, the defendant has pleaded guilty, or ... the government has abandoned its

investigation") (internal quotation marks omitted). *United States v. Morgan*, 443 F. Supp. 3d

405, 407 (W.D.N.Y. 2020

**B. <u>Argument</u>**

**1. <u>All</u> of the property seized on April 20, 2010 should be returned**

**a. All criminal proceedings are closed or final**

The government has acknowledged that the IRS-CI investigation closed in January 2016,

over five years ago. (*See* Koskinen App't Br. at 11, copied in relevant part in ECF 143 at 4.)

Despite that, the government argued that it was entitled to retain digital copies, indiscriminately,

of everything in the 322 bankers' boxes, as well as certain paper originals moved from IRS to

DOL custody, to protect against chain-of-custody issues in the prosecution. Both the Second

Circuit and this Court were skeptical of this argument in the abstract. (*See* ECF 149 at 8,

transcribing Judge Chin comment ("Well, I think the concern is over the chain of custody. But,

again, I would think the parties could work that out . . . ); *see also* this Court's 6/22/18 Ruling,

ECF 151 at 6 ("I am skeptical that the IRS may hold copies of plaintiffs' documents

indefinitely.")).  However, by the time the issue had wound its way to the Second Circuit and

back, the prosecution was close enough to complete that this Court deemed it judicially efficient

to wait for its closure, at which time the government's alleged need would be moot.  (ECF 151 at

6-7.)

     If the government's alleged justification for retaining documents ever was colorable, it is

no longer, as the government has conceded both in the recent joint status report (ECF 168) and at

oral argument before the Second Circuit on June 15, 2017:

> MR. DETERMAN:    We're not denying that, after the criminal case is done, that Plaintiffs have a right to sole possession of their records.

> JUDGE CALABRESI:  Of everything including the copies?

> MR. DETERMAN:  Yes, Your Honor.

> JUDGE CALABRESI:  Well, let's be clear on it. Everything can go back, including the copies, once the criminal case is over?

> MR. DETERMAN:  Is final, yes.

> JUDGE CALABRESI:  And the Government's position is: until that is done, things which are relevant to it, including those things which you have not had a chance to go through, have to be kept?

> MR. DETERMAN:  Yes, that is our position.

> JUDGE CALABRESI:  And that is the position, and no more than that?

> MR. DETERMAN:  Yes, Your Honor.

(*See* ECF 149 at 4-5, transcribing a portion of the oral argument by DOJ Attorney Mark Determan.)[5] Thus, the government has an affirmative duty to return the materials. *See United States v. Wilson*, *supra.*

### b. The government must return <u>all</u> property seized on April 20, 2010

As noted above, Plaintiffs Rule 41(g) motion – which is included in their April 19, 2013 Complaint in this action – sought return of all property seized on April 20, 2010. While the government concedes that it may not retain the digital copies, it argues that this Court lacks jurisdiction over the certain paper originals seized by IRS-CI on April 20, 2010 that were then "re-seized" by the DOL (i.e., moved from IRS to DOL custody) pursuant to a second search warrant. The government also argues that the pending *Bivens* case against DOL agents is a justification for retaining seized property post-prosecution. These are arguments of convenience that do not withstand scrutiny.

#### i. "IRS custody" and "DOL custody" are both "government custody"

The government's IRS versus DOL argument relies on a false distinction between the two investigating agencies. Regardless of which federal agency was doing the legwork, it was for the United States government, and it was DOJ attorneys who oversaw the investigations, controlled the disposition of seized materials, and made prosecutorial decisions. In fact, the government has correctly noted that the Rule 41(g) motion "must be construed as claims against

---

[5] The audio recording of the June 15, 2017 oral argument before the Second Circuit (docket no. 16-1036) is available at https://www.ca2.uscourts.gov/decisions/isysquery/079dd83d-77e2-4c76-99fa-36b95f9e1841/381-390/list/.

the United States." (ECF 39 at 3; ECF 60 at 1; ECF 134 at n.1.)[6] Moreover, during the

prosecution, the government argued in this case that IRS-CI was holding the digital copies "in

deference to" the DOL for "possible" use in the prosecution. (Watzka Decl. ¶¶ 11-12, ECF 141-

4.) The government cannot now assert some impermeable barrier between the agencies for

present convenience.

Metaphorically speaking, the IRS may have carried the materials into the house, and then

delivered certain items to the DOL's corner, but it is still the same house – i.e., the seized

property has been in the government's possession at all times, and is therefore subject to return

under Rule 41(g). Illustrating this principle, courts have even held that where property is seized

and held by state officials acting at the direction of federal authorities, it falls within the reach of

Rule 41(g). *See Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999) (recognizing

"limited circumstances" in which Rule 41(g) could apply to property "seized by state

authorities," including "actual federal possession of the property forfeited by the state,

constructive federal possession where the property was considered evidence in the federal

prosecution, or instances where property was seized by state officials acting at the direction of

federal authorities in an agency capacity").

In short, this Court's authority to compel the return of seized property is not constrained

by the government's choice of where to store it. Plaintiffs' motion expressly seeks return of

property "seized by the government . . . 322 boxes" on April 20, 2010. Whether the boxes are in

the custody of IRS-CI or DOL is a distinction without a difference, and does not affect this

Court's authority under Rule 41(g) to order their return. In fact, this Court already ordered their

---

[6] The Court rightly rejected the government's related argument that Rule 41(g) relief is
barred by the doctrine of sovereign immunity. (*See* ECF 55 at 8 (citing *Kentucky v. Graham*,
473 U.S. 159, 166–67 (1985).)

return on June 4, 2015.  (*See* ECF 55 at 4-5, 8-16.)  Although the Court stayed enforcement of that order due to the prosecution, those proceedings are now final on appeal.  The government is obligated to return the materials; the pending Rule 41(g) motion clearly encompasses those materials; and the Court has the authority to order their return pursuant to Rule 41(g).  *See Mora v. United States*, 955 F.2d 156, 158 (2d Cir. 1992) ("fundamental to the integrity of the criminal justice process" is that "property involved in the proceeding, against which no Government claim lies, be returned promptly to its rightful owner. . . . [T]he district court has both the jurisdiction and duty to return such property.") (citing *United States v. Wilson*, 540 F.2d 1100, 1103 (D.C. Cir. 1976).

### ii.    The pendency of a related civil case is not a legitimate reason to retain seized property

The government's other argument is that the property seized by IRS, then subsequently transferred to DOL, may be retained by the government for potential use in the *Bivens* action still pending between Plaintiffs and DOL personnel.  (*See* 3:14-cv-00741-KAD.)  The government previously made the same argument regarding this action, arguing that it should be allowed to retain the seized property for use in defending the *Bivens* claims here.  This Court did "not find that argument particularly convincing" in June 2018, but decided to reserve decision on the issue because the viability of the *Bivens* claims would soon be decided on appellate review, which could moot the government's argument and simplify the resolution of the Rule 41(g) motion.  (ECF 151 at 6.)

Plaintiffs have found no legal authority for the proposition that the pendency of *Bivens* claims relating to a seizure is a "legitimate reason" for the government to retain seized property upon termination of criminal proceedings.  Nor can it withstand the slightest scrutiny.  The notion that the government agents could utilize the police power to obtain discovery for purposes

13

of defending a civil action is outlandish.[7]  Even assuming that documents seized by IRS-CI agents in April 2010 could be relevant to the conduct of different DOL agents conducting a subsequent search in 2011, the DOL defendants will be entitled to document discovery in the ordinary course, the same as any other civil litigant.

### 2.  The property should be returned, not destroyed

What remains is the question of whether the government may destroy the digital copies over Plaintiffs' objection.  Plaintiffs' motion expressly seeks "return" of the seized materials (*see* Complaint, ECF 1), and Rule 41(g) expressly recognizes the right to a "return" of seized property.  Fed. R. Crim. P. 41(g).  Although the word "destroy" appears in the Advisory Notes, it refers to the Court's discretion to fashion relief and does not empower the government to destroy materials over the movant's objection.  *See* Fed. R. Crim. P. 41 advisory committee's note (1989 amendments) ("In some circumstances ... equitable considerations might justify an order requiring the government to return or destroy all copies of records that it has seized.").

Furthermore, the right to return of seized property extends to copies, and the Court has clear authority under Rule 41(g) to order the return of copies.  *See id.*; *see also United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1174 (9th Cir. 2010) ("Rule 41(g) does indeed contemplate that district judges may order the return of the originals, as well as any copies, of seized evidence.").  The government expressly conceded that point during argument at the Second Circuit on June 15, 2017, and assured the Second Circuit that it would return the copies upon termination of the criminal case:

---

[7] The interplay between criminal search warrants, grand jury subpoenas, and civil enforcement actions is more nuanced, but irrelevant here.  In each of those instances, the government is either prosecutor or plaintiff.  By contrast, in a *Bivens* case, the government agents are defendants, subject to the ordinary rules of civil discovery.

JUDGE CALABRESI:  Well, let's be clear on it. Everything can go back, including the copies, once the criminal case is over?

MR. DETERMAN:  Is final, yes.

(*See* ECF 149 at 4-5.)  In fact, even if the property appears to be worthless, the government still may not unilaterally destroy it, especially over objection.  *See*, *e.g.*, *Osamor v. United States*, No. 4:09CV1500, 2010 WL 11668149, at *8 (S.D. Tex. Nov. 5, 2010), report and recommendation adopted, No. CV 4:09-1500, 2011 WL 13340485 (S.D. Tex. Sept. 21, 2011).  In sum, the government lacks the authority to unilaterally destroy seized property, and this Court has the authority to order its return.

**C.  <u>Conclusion</u>**

For all the foregoing reasons, Plaintiffs respectfully request that all property seized by the government on April 20, 2010, whether paper originals or digital copies, and regardless of where it is currently stored, be returned pursuant to Rule 41(g).

THE PLAINTIFF,
GRIST MILL CAPITAL, LLC

By*: /s/ Jonathan J. Einhorn*
JONATHAN J. EINHORN, ESQ.
129 Whitney Avenue
New Haven, Connecticut 06510
Federal Bar No. ct00163
203-777-3777
einhornlawoffice@gmail.com


THE PLAINTIFF,
DANIEL CARPENTER

By: */s/ John R. Williams*
John R. Williams
51 Elm Street, Ste. 409
New Haven, CT. 06510
203-562-9931
jrw@johnrwilliams.com

<u>CERTIFICATION</u>

I hereby certify that on this 26th day of April, 20210, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ *Jonathan J. Einhorn*
JONATHAN J. EINHORN